## No. 9241.

### THE STATE OF LOUISIANA EX REL. MRS. JESSIE K. BELL VS. W. T. HOUSTON, JUDGE, ETC.

The dissolution of an injunction on bond amounts to authority to perform the prohibited act.

The execution of an interlocutory decree allowing the commission of an act which, if done, would occasion an irreparable injury—being susceptible of inflicting such irremediable wrong—can be suspended by appeal.

The determination of the right to such relief unavoidably involves an inquiry into the correctness of the decree. Recognition of the right to such appeal implies an erroneous ruling by the lower court.

A *mandamus* lies to compel the granting of a suspensive appeal from a dissolving order on bond, where the doing of the act might imperil the home, the health and the lives of the complainants.

State ex rel. Bell vs. Houston, Judge.

A PPLICATION for Mandamus.

*Sam'l L. Gilmore* for the Relatrix.

*Branch K. Miller* for the Respondent.

The opinion of the Court was delivered by

BERMUDEZ, C. J.  This is an application for a *mandamus* to compel the granting of a suspensive appeal from an order dissolving an injunction on bond.

The motion for the appeal was declined by the district judge, on the ground that the apprehended act, if committed, would not work an irreparable injury.

In answer to the application here, he returns that no appeal lies from such an interlocutory decree which can cause no irremediable wrong.

The writ of injunction was obtained to restrain the defendants in the case, who are cistern makers, from erecting on their lot, on which are combustible substances, a steam engine and appurtenances.

The ground on which the relief was sought is, that there are on defendants' premises, at all times, large quantities of seasoned cypress and pine lumber and heaps of shavings, highly inflammable in their nature, and that the erection of a steam engine, etc., upon the premises, in the midst of the lumber and shavings, would be in violation of municipal prohibitory ordinances, and place petitioner's property and the lives of herself, children and servants in constant imminent danger; and that the noise, smoke and escaping steam will injure petitioner's property and her own and her family's health.

For the purpose of the rule to bond, the allegations of the petition were taken as true.

The averments set forth material facts: The existence of prohibitory municipal ordinances; the presence, on the premises, of highly inflammable matters; and the intention of defendants to erect the objectionable engine thereon.

The distinct allegation is also made that, in case of ignition of those matters, the fire may destroy not only the petitioner's property, but take away her own life and that of her children and servants.

It is palpable that if the apprehended accidents—which are something more than mere possibilities—happen, they would occasion injury which would unquestionably be irreparable.

No doubt the restoration or value of the property destroyed may be provided for; but how can this be done where the health, the lives of individuals are impaired or lost?

In 32 Ann. 1194, this Court, after due consideration, said:

"The maintenance of the writ is required to preserve to us our homes and to establish us in a state or condition which, lost for the moment, can never be recovered nor the loss atoned for by money."

The determination of the right of the relatrix in the present case to a suspensive appeal has unavoidably provoked inquiry into the correctness of the dissolving decree.

As that decree amounts to authority to do the enjoined act and as the commission of that act might inflict irreparable injury, it necessarily follows that the execution of the decree may occasion such wrong and can be suspended by appeal, and that the judge erred in his refusal.

It is therefore ordered that the alternative *mandamus* be made peremptory and that the restraining order herein issued remain undisturbed.