McBRIDE, judge.
These are two concursus proceedings filed by Estate of William G. Helis, et al., in both of which Mrs. Susie Lou Perez Huey, Mrs. Mercedes Perez Mack, John R. Perez, Jr. (hereinafter called appellees), and Willard Curtis were impleaded as parties defendant. Appellees claimed to be the owners of all of Section 19, T-16-S, R-16-E, Parish of *473 Plaquemines, and Curtis made claim to a fractional interest in said section. Gas is being produced from the property.
The matters were consolidated for trial with the understanding that a separate judgment would be entered in each of the cases. After a trial, a judgment was rendered and signed in each case on July 25, 1961, recognizing appellees to be the sole owners of all of said Section 19.
On October 23, 1961, Curtis petitioned for appeals, and on the same day devolutive appeals were granted him, returnable to this court November 20, 1961, conditioned upon his furnishing in each case bond with good and solvent surety in the sum of $500.
On motions of appellees filed in each case November 6, 1961, Curtis was ordered to show cause why his devolutive appeals should not be recalled and rescinded for the reason that he had never posted appeal bonds. Curtis in defense to the rule contended he had furnished appeal bonds which the Clerk returned to him the next day. On December 12, 1961, after a hearing, the said rules were made absolute and the appeals were dismissed. Curtis has applied to this court for writs of certiorari and mandamus; we granted certiorari, and the records in the two cases are now before us.
It appears that on the same day the orders of appeal were signed, Curtis handed the Clerk of Court for Plaquemines Parish two appeal bonds, together with check covering the costs of sending notices of the appeals to all interested parties.
The following day, October 24, 1961, the Deputy Clerk of Court addressed a letter to the attorney for relator, the pertinent part thereof reading as follows:
“We are returning herewith your individual bonds you had left with us when you were down here on the 23rd of this month to be filed in above matters.
“Have this afternoon spoken to the Judge and he has informed me to advise you that the bonds have to be with a Surety Co. and cannot be individuals.”
Relator filed new appeal bonds November 8, 1961 (two days after the appellees had brought the rules to have the appeals dismissed).
We think the trial judge erred in dismissing the appeals. The Clerk did not mark the appeal bonds “filed” and the records of his office do not reflect that bonds of appeal were ever furnished by relator, but for all intents and purposes we must consider them as having been “filed.” It was the Clerk’s duty to formally file the bonds on the day he received them before presenting them to the judge, and we also think that the judge was neither authorized to render an ex parte opinion to the effect that the bonds were insufficient nor to instruct the Clerk to return the bonds to the appellant with the comment that “the bonds have to be with a Surety Co. and cannot be individuals.” Farmers’ Loan & Mortgage Co., Inc. v. Langley, 166 La. 251, 117 So. 137. LSA-C.C.P art. 5123 points out the manner in which a person in interest may test the sufficiency or solvency of the surety, or validity of a bond furnished as security in a judicial proceeding, and it is plain to see that the method so pointed out was not followed in these cases. An appellant’s rights cannot be jeopardized by the failure of the Clerk to file the appeal bond or by the ex parte rejection of the bond because the judge believed that the surety cannot be an individual but must “be * * * a Surety Co.”
The appellees are contending before us that the filing of appeal bonds by relator on November 8, 1961, came too late as the time for perfecting the appeals had expired. They argued that no appellant has an indefinite time to file a new bond after the judge of the district court finds the original bond inadequate, but that the law only grants the appellant forir judicial days *474 within which to file a new or supplemental bond counting from the date the original bond is rejected. We are cited to LSA-C.C.P. art. 5124.
There is no substance whatever in appellees’ contention. Under LSA-C.C.P. art. 5124 an appellant has only four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, to correct any defects therein by furnishing a new or supplemental bond. The appellees in the instant matter never employed the procedure as outlined in LSA-C.C.P. art. 5123 for testing the sufficiency or validity of relator’s bonds, hence, there was never any formal judgment rendered in any contradictory proceeding declaring the bonds to be either insufficient or invalid, and the four-day period provided for by LSA-C.C.P. art. 5124 cannot apply as to relator’s appeals. Rather, the provisions of LSA-C.C.P. art. 5124 to the effect that if no rule to test the original bond has been filed, the party furnishing it may at any time correct defects therein by furnishing a new or supplemental bond, are applicable here. If the original bonds were insufficient or invalid for any reason (which point we are not deciding), in the absence of a judgment so decreeing, relator could, at any time, file new or supplemental bonds, and his furnishing thereof on November 8, 1961, was timely.
The judgments rendered on the rules nisi dismissing the appeals on the ground that no appeal bonds had been furnished are nullities.
The rule issued in this case directing the judge of the district court and the appellees to show cause why the relief prayed for by the relator should not be granted is now made absolute, and, accordingly, the judgments of December 12, 1961, dismissing the appeals be and the same are hereby annulled and set aside, and the judge is directed to have the docket in both cases show that appeal bonds were furnished by relator on October 23, 1961, and that new and supplemental appeal bonds were furnished by him on November 8, 1961, and further, the judge is ordered to reinstate the appeals and in each case to adequately extend the date for lodging the appeals in this court. The taxing of the costs of this proceeding is to await the final determination of the appeals.
Rule against respondents made absolute and order issued.