LOTTINGER, Judge.
This matter is before us at this time as a result of a show cause order issued by this Court ex proprio motu questioning whether the appellate bond filed herein was filed timely.
This case involves a judgment awarding custody of a minor child to defendant-ap-pellee. The judgment was read and signed in open court on March 25, 1975. An application for a new trial was not filed, but plaintiff entered an appeal ■ on April 2, 1975. Bond' fixed in the amount of $700.00 was filed on May 7, 1975.
C.C.P. Art. 3943 provides:
An appeal from a judgment awarding custody of a person or alimony can be taken only within the delay provided in Article 3942. Such an appeal shall not suspend the execution of the judgment in so far as the judgment relates to custody or alimony.
C.C.P. Art. 3942 provides:
An appeal from a judgment granting or refusing an annulment of marriage, a separation from bed and board, or a divorce can be taken only within thirty days from the applicable date provided in Article 2087 (l)-(3).
C.C.P. Art. 2087 provides in part:
Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within ninety days of:
(1) The expiration of the delay for applying for a new trial, as provided by Article 1974, if no application has been filed timely;
******
*308 (3) The date of the mailing of notice of the court’s refusal to grant a timely application for a new trial, if the applicant is entitled to such notice under Article 1914.
C.C.P. Art. 1974 provides:
The delay for applying for a new trial shall he seven days, exclusive of legal holidays. Except as otherwise provided in the second paragraph hereof, this delay commences to run on the day after the judgment was signed.
When notice of the judgment is required .under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk has mailed, or the sheriff has served, the notice of judgment as required by Article 1913.
Plaintiff-appellant contends that the delay for application for a new trial begins the day after the parties are notified of judgment. However, in the instant matter, no notice of judgment was required because the case was not taken under advisement at the conclusion of the trial but was assigned for argument after which the judge assigned reasons for judgment. Furthermore, appellant did not make a request of record for notice of the date when the judgment was signed. Therefore, notice of judgment was not required under the provisions of C.C.P. Art. 1913 which provides in part:
If, at the conclusion of a trial a case is not taken under advisement but the court does not sign a judgment at the time, a party may make a request of record for notice of the date when the judgment was signed; and when such a request is made, the clerk shall mail such notice to the party requesting it or to his counsel of record.

Except as otherwise provided in the first three paragraphs of this article, notice of the signing of a final judgment is not required.
In accordance with C.C.P. Art. 1974, plaintiff-appellant’s time to apply for a new trial began to run on the day after the judgment was signed on March 25, 1975, namely, March 26, 1975. March 28th was a legal holiday, Good Friday, as were Stur-day and Sunday, and April 4th completed the seventh day provided by C.C.P. Art. 1974. Since April has thirty days, May 4, 1975; was the 30th day provided by C.C.P. Art. 3942 and the last day for timely filing the appeal bond which plaintiff-appellant did not file until May 7, 1975.
C.C.P. Art. 2088 provides in part that the jurisdiction of the appellate court attaches, “upon the timely filing of the appeal bond.” Since the failure to file an appeal bond is jurisdictional and the appellate court does not acquire jurisdiction unless the bond is filed timely, this court lacks jurisdiction in this matter.
For the reasons herein assigned, this appeal is hereby dismissed at appellant’s costs.
Appeal dismissed.