333 So.2d 773 (1976)
SOMETHING IRISH CO.
v.
Norman and Lillian RACK.
No. 10779.
Court of Appeal of Louisiana, First Circuit.
March 25, 1976.
*774 Lionel F. Price, New Orleans, for appellant.
Bernard S. Smith, Covington, for appellee.
Before LANDRY, COVINGTON and PONDER, JJ.
LANDRY, Judge.
An ex proprio motu order issued herein directing defendants-appellants, Norman and Lillian Rack (Appellants) to show cause why their appeal in this matter should not be dismissed for failure to timely file an appeal bond. In response to our order, Appellants have moved that the motion to dismiss be set for oral argument. We deny the motion for oral argument and dismiss the appeal.
On July 25, 1975, judgment by default was rendered in favor of plaintiff and against Appellants ordering Appellants' eviction from premises leased from plaintiff and awarding plaintiff recovery of past due rent. The judgment was signed that same day. Appellants timely filed a motion for new trial which motion was denied September 22, 1975. On November 14, 1975, Appellants obtained an order for a devolutive appeal which decree fixed a return date and set the appeal bond in the sum of $800.00. The appeal bond was filed January 13, 1976, more than ninety days after denial of Appellants' motion for new trial.
The taking and perfection of a devolutive appeal are provided for in La.C.C.P. Articles 2087 and 2088. In general Article 2087 provides that a devolutive appeal must be taken within ninety days of (1) the expiration of the delays for applying for a new trial, as provided for by La.C.C.P. Article 1974, if no application for new trial is timely filed; (2) the court's refusal to grant an application for new trial if applicant is not entitled to notice of such refusal pursuant to La.C.C.P. Article 1914 or (3) the date of mailing of notice of the court's refusal to grant a new trial, if applicant is entitled to such notice pursuant to Article 1914.
Pursuant to La.C.C.P. Article 2088, the jurisdiction of the trial court over all matters in a case reviewable on appeal is divested, and the jurisdiction of the appellate court attaches, on the timely filing of the appeal bond or, if no bond is required, on the granting of the order of appeal. Thereafter, the trial court retains no jurisdiction of an appealed decision except in the eight categories specified in Article 2088, none of which exceptions are germane to the issue at hand.
Appellants' motion for new trial was not taken under advisement, but was denied immediately following its hearing on September 22, 1975. The delay for taking this appeal, therefore, began to run on that date and expired ninety days thereafter, on December 21, 1975, a Sunday. Because the delays expired on Sunday, a legal holiday, the period was extended to the following day, Monday, December 22, 1975. While the order of appeal was obtained herein on November 14, 1975, the required appeal bond was not filed until January 13, 1976.
Conceding that their appeal bond was not timely filed as required by Article 2087, Appellants nevertheless claim the absolute right to appeal on the following constitutional and equitable grounds: (1) La.
*775 Const.1974, Article I, Sections 19 and 22, guarantee litigants the rights of judicial review and free access to the courts, which fundamental rights should not be limited or restricted by statutory provisions; (2) a proper interpretation of Article 2088 dictates that appellate jurisdiction attaches upon either the obtaining of an order of appeal or the filing of an appeal bond and not upon the occurrence of both events; (3) Appellate jurisdiction of all civil matters is granted to the courts of appeal pursuant to La.Const.1974, Article V, Section 10, which jurisdictional grant should not be legislatively restricted; and (4) Appellants were unable to post bond within the legally prescribed delay period because of financial difficulties and the economic necessity of Appellant Norman Rack's being out of the state during the bond posting delay period.
Our jurisprudence has repeatedly held that to perfect an appeal, appellant must both obtain an order of appeal and post bond before the expiration of the ninety day delay period prescribed in Article 2087. Failure to timely post bond has been held, in innumerable instances, to require dismissal of the appeal for failure of jurisdiction of the appellate court to attach. Wright v. Mark C. Smith & Sons, La., 283 So.2d 85; Malone v. Malone, La., 282 So.2d 119; Pan American Petroleum Corporation v. Cocreham, 251 La. 705, 206 So.2d 79; McCarstle v. McCarstle, La.App., 317 So.2d 306; Safeco Insurance Company v. Blackwell, La.App., 288 So.2d 85; Phillips v. Bergeron, La.App., 263 So.2d 72; Clements v. Kimble, La.App., 239 So.2d 704; Michigan Wisconsin Pipe Line Company v. Guarisco Enterprises, Inc., La.App., 234 So.2d 469.
We are keenly aware and zealously protective of the rights of judicial review and free access to the courts granted by La.Const.1974, Article I, Sections 19 and 22. However, we do not agree with Appellants' argument that said rights are totally without legislative regulation and that the legislature lacks authority to prescribe reasonable rules governing the procedure by which said rights may be exercised. In this regard we note the following comments appearing in Douglas Public Service Corp. v. Gaspard, 225 La. 972, 74 So.2d 182, which involved dissolution of a temporary restraining order and dismissal of plaintiff's suit for a preliminary injunction in a labor dispute:
"For the courts to function in an orderly manner, and with equal protection to all, the Constitution not having provided otherwise, it became necessary for the legislature to establish the rules and regulations that would govern the procedure to be followed by those seeking this guaranteed protection, including the issuance of all needful writs and processes. Such procedural statutes will be upheld in our courts so long as they do not violate our basic law."
We reject Appellants' premise that any attempt to restrict the time for perfecting an appeal is constitutionally prohibited. It is elementary that in the interest of order and certainty, all judgments must eventually acquire finality. We do not deem the ninety day limitation for perfecting an appeal as established by Article 2087 to be so restrictive or unreasonable as to violate a litigant's constitutional right to judicial review and free access to the courts. See Ball v. Serpas, La.App., 248 So.2d 335.
Appellants' proposed interpretation of Article 2088 is, in our view, without support based on the language of the article. In clear terms the article provides the circumstances necessary for appellate jurisdiction to attach in each of two instances. When an appeal bond is required, appellate jurisdiction attaches only upon the timely filing of the bond. Where no appeal bond is required, appellate jurisdiction attaches upon the granting of the order of appeal. In this case bond was required; therefore, appellate jurisdiction could not attach until the bond was filed.
*776 We also find no merit in Appellants' argument that the constitutional grant of appellate jurisdiction to our courts of appeal may not be restricted or impeded legislatively to any extent whatsoever. Again we note the practical considerations of the interests of order in the judicial process and the absolutely compelling need for finality of judgments. We are of the view that in the absence of a clear and express constitutional mandate to the contrary, the legislature possesses the power to regulate the circumstances under which the jurisdiction of courts may be exercised. We see no violation of the constitutional grant of appellate jurisdiction in those instances of legislative regulation which serve a useful purpose and which, at the same time, afford a litigant reasonable opportunity, time and method of invoking the appellate process.
We find these views in keeping with the general rule that legislatures may adopt procedural rules so long as they do not defeat or materially impair constitutionally granted jurisdiction or functions. See 21 C.J.S. Courts § 122, page 186, and authorities cited thereunder. We find no material impairment in this instance.
Appellants' claim of inability to post bond because of financial distress is likewise without merit. La.C.C.P. Articles 5182-5188, inclusive provided authority for indigent parties to litigate without prior payment of costs. Article 5185 expressly authorizes an indigent to prosecute a devolutive appeal without payment of costs. This provision has been interpreted to dispense an indigent from furnishing bond for a devolutive appeal. Brumfield v. Community Mobile Homes, Inc., La.App., 315 So.2d 901; Wilkerson v. Luneau, La.App., 198 So.2d 183. Appellants could have timely applied for the right to appeal without furnishing bond.
This appeal is dismissed at Appellants' cost.