PER CURIAM.
Plaintiff appeals from a judgment rejecting her demand for an increase in weekly alimony. A preliminary review of this record indicated a probable lack of jurisdiction due to appellant’s failure to timely perfect her appeal. This court notified appellant through her attorney of this fact by certified mail and ordered her to show cause within fifteen days why her appeal should not be dismissed. This delay has expired and appellant has not responded. We find that this appeal must be dismissed.
The chronology of events is as follows: the rule to increase alimony was heard on May 21, 1976; it was taken under advisement and decided on May 25, with written reasons; the judgment was signed on August 10; appellant petitioned for an appeal on August 25, and the order of appeal was granted on the same day; the appeal bond was not filed until October 20.
Articles 3942 and 3943 of the Code of Civil Procedure provide that an appeal from an alimony judgment must be taken within 30 days of the applicable date provided in C.C.P. Article 2087.
Article 1913 of the Code of Civil Procedure requires notice of judgment whenever a ease is taken under advisement. Appellant was not given notice of judgment; however, the notice requirement was waived on August 25 when appellant petitioned for an appeal. In Re: Salmon, 318 So.2d 897 (La.App. 2nd Cir., 1975). Since her bond was not filed until October 20, the appeal was not timely perfected. Thomas v. Berman, 308 So.2d 797 (La.App. 4th Cir., 1975).
Under Code of Civil Procedure Article 2088 the jurisdiction of this court only attaches “ . . . upon the timely filing of the appeal bond.” MeCarstle v. McCarstle, 317 So.2d 306 (La.App. 1st Cir., 1975).
Since defendant did not timely perfect her appeal, the case is dismissed ex proprio motu. Code of Civil Procedure Article 2162 and Uniform Rules, Courts of Appeal, Rule 7, § 5(c).
Appeal dismissed at appellant’s cost.