ELLIS, Judge.
Defendant Cecil B. Adams filed a third party petition herein impleading South Savings and Loan Association as a third party defendant, praying for indemnification if he be cast in the main demand. South moved for summary judgment, which was granted, and plaintiff’s third party petition was dismissed by judgment signed on May 28, 1976. Notice of judgment was mailed on June 1, 1976. On July 14, 1976, Mr. Adams was granted a devolutive appeal returnable on September 14, 1976, conditioned on his furnishing bond in the amount of $750.00. This bond was filed on September 10, 1976. We issued, ex proprio motu, a rule to show cause why the appeal should not be dismissed for failure to file the appeal bond timely.
In his brief, Mr. Adams contends that his failure to file the bond prior to the expiration of the legal delays provided is excused by the failure of the Clerk of the trial court to render a bill for. the costs of the appeal.
Article 2087 of the Code of Civil Procedure requires a devolutive appeal be taken and the security furnished within 90 days of the expiration of the delay for applying for a new trial. . That delay, under Article 1974 of the Code of Civil Procedure, is seven days, exclusive of legal holidays, commencing on the day after the clerk has mailed the notice of judgment required by Article 1913 of the Code of Civil Procedure.
The last day on which the bond could be timely filed in this case was September 8, 1976. The bond filed on September 10,1976, was therefore too late, and we are without jurisdiction to entertain this appeal.
Mr. Adams’ argument that he is somehow excused from timely filing his appeal bond because of the alleged failure of the clerk of the trial court to render a bill for the costs of the appeal is without merit. There is no connection between the filing of the bond and payment of costs. Articles 2124 and 2126, Code of Civil Procedure. R.S. 13:4445, 4453.
The appeal is therefore dismissed for lack of jurisdiction, at appellant’s cost.
Appeal dismissed.