PONDER, Judge.
This case is before us on a rule to show cause why defendant’s appeal should not be dismissed because the bond was not timely filed.
A judgment in favor of the plaintiff was signed on November 30, 1976. The defendant made a timely application for a new trial, which was denied on December 17,1976. The motion and order for a devol-utive appeal was filed on February 2, 1977, but the appeal bond was not filed until March 28, 1977.
The appeal must be dismissed.
LSA-C.C.P. Article 2087 as amended by Act 201 of 1976 states in part:
“Except as otherwise provided in this article or by other law, an appeal which does not suspend the effect or the execution of an appealable order or judgment may be taken, and the security therefor furnished, within sixty days after:
(2) the court’s refusal to grant a timely application for a new trial, if the applicant is not entitled to notice of such refusal under Article 1914; ”
The order of appeal and the appeal bond must be filed within the sixty day period *1271 allowed by Article 2087. Master Builders of Slidell, Inc. v. Adams, 342 So.2d 1169 (La.App. 1st Cir. 1977). Because the bond was not timely filed, this court is without jurisdiction. LSA-C.C.P. Article 2088.
Defendant claims that Article 2087 as amended is in violation of Article 1 Sections 19 and 22[1] of the Constitution of 1974. This contention was disposed of in Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir. 1976). We adopt the reasoning of the court in that case.
This appeal is therefore dismissed at defendant’s cost.
APPEAL DISMISSED.

. Article 1 Section 19. Right to Judicial Review
“No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the 'judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.”
Article 1 Section 22. Access to Courts
“All courts shall be open, and every person shall have an adequate remedy by due process of law and justice, administered without denial, partiality, or unreasonable delay, for injury to him in his person, property, reputation, or other rights.”