LANDRY, Judge.
Defendant, Clifford Decuir (Movant) has moved dismissal, for alleged failure to file an appeal bond, of the appeal taken herein by plaintiffs Government Employees Insurance Company, Frederick J. Prejean and Ola S. Prejean (Appellants) from judgment dismissing their tort action against Movant. We deny the motion to dismiss.
This matter arises from an automobile accident. Named defendants are Jimmie D. Thompson, Clifford Decuir and Decuir’s alleged employer, Mercury Moving & Storage Co., Inc. Trial on the merits resulted in judgment in favor of plaintiffs as prayed for, against defendant Jimmie D. Thompson and dismissal of plaintiffs’ claims against Decuir and Mercury.
Appellants timely applied for a devolu-tive appeal from that portion of the judgment rejecting their demands against De-cuir and Mercury. Appellants also timely posted an appeal bond naming A. Clay Pierce, Jr. as principle and Charles N. Malone, as security, said parties being Appellants’ counsel of record. The bond pertinently recites:
“For the payment whereof, we bind ourselves as follows, to-wit: Whereas the above bounden principal, A. Clay Pierce, Jr., asked for and obtained an order of appeal from the final judgment rendered against plaintiffs in part in the suit of Government Employees Insurance Company, et al versus Roosevelt Thompson, et al . . . .”
Movant contends that since the Appeal bond names Appellants’ attorneys as principal and surety, neither of whom are parties litigant, it is as though no bond whatsoever was filed and the appeal must be dismissed. In so urging, Movant relies upon Succession of Richardson, 26 La.Ann. 187 (1874) in which an appeal granted Elizabeth McQueen and others was dismissed because the bond was signed by M. McQueen as principal and Charles B. Austin, as surety.
As suggested by Movant, the timely filing of an appeal bond is jurisdictional. Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir. 1976).
The precise question presented here was answered adversely to Movant’s contention in Arrow Construction Co., Inc. v. American Employers Insurance Company, 273 So.2d 582 (La.App. 1st Cir. 1973). In the cited case we held the question presented was one of sufficiency of an appeal bond as distinguished from failure to file a bond.
As noted in Arrow Construction, above, LSA-C.C.P. Article 2088 provides that when an appeal is perfected by the filing of bond, the trial court retains jurisdiction to consider all objections as to the form, substance and sufficiency of the bond. LSA-C.C.P. Article 5123 adds that a party desiring to test the validity or sufficiency of an *1198 appeal bond shall rule into court the party furnishing bond to show cause why the bond should not be declared invalid or insufficient. LSA-C.C.P. Article 5124 provides the manner and delay during which an Appellant may cure a declared insufficiency or invalidity in his appeal bond.
An appeal will not be dismissed because the bond is insufficient or invalid unless the issue is first resolved in the trial court and Appellant afforded opportunity to cure the defect. Arrow Construction Co., Inc., above, and authorities cited therein.
Jurisdiction to test either the validity or sufficiency of an appeal bond rests exclusively in the trial court. Arrow Construction Co., Inc., above.
The motion to dismiss is denied at Movant’s cost.
Motion denied.