LOTTINGER, Judge.
On July 16, 1977, this court issued a show cause order as to why this appeal should not be dismissed for an untimely filing of the appeal bond.
Judgment was signed on February 10, 1977, with notice of judgment being mailed on March 2, 1977. Without applying for a new trial, the motion and order for a devol-utive appeal was signed on April 28, and filed on April 29, 1977. On May 5, 1977, a cashier’s check in the amount of the devolu-tive appeal bond was forwarded by certified return receipt requested mail to the clerk of the trial court, and the envelope containing the correspondence as well as the cashier’s check was received as undelivered by counsel for the appellant on May 11, 1977. On the same day, bond was reposted to the clerk of the trial court by certified mail, received and filed in the record on May 12, 1977.
Considering that the notice of judgment was mailed on March 2,1977, and no motion for a new trial was requested, the last day for obtaining a devolutive appeal and posting the bond was May 10, 1977.
By brief in response to the show cause order, appellant argues that the initial mailing of the cashier’s check representing the devolutive appeal bond was mailed timely and delivered to the clerk of the trial court prior to May 10, 1977, but delivery was refused because of insufficient postage. This apparent error occurred because of the use of a Postal Department form that was apparently outdated, though same had been used by appellant’s counsel many times during the months immediately preceding this particular mailing, without any returns.
The timely filing of the appeal bond is jurisdictional. Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir. 1976).
It is well settled that appeals are favored and are to be dismissed only when clearly required by law.
Because of this well settled rule, we are convinced that every effort should be made *962 to maintain an appeal rather than dismiss it, and where there is any doubt, same should be resolved in favor of maintaining the appeal.
The appellee in response to the show cause order contends that since the appeal bond was not filed until after May 10, 1977, the appeal must be dismissed. The appellee does not dispute the facts contained in the affidavits submitted in support of appellant’s response to the show cause order.
We know of no rule that requires the clerk of the trial court to accept mail when there is insufficient postage, thus necessitating the payment of overdue postage, hence, we find no fault on the part of the trial court clerk in refusing the initial letter.
We are convinced that the office of counsel for appellant used its accustomed practice in computing the necessary postage, not realizing that certified postage had increased in April and July, 1976. This is not a situation of the Postal Department returning appellant’s letter without attempting delivery or without some proof of delivery and refusal, nor is this a situation of no postage at all being placed on the envelope. We are here only concerned with the facts presented in this case, and it is obvious that every effort was made by appellant to perfect this appeal timely.
It is not the act of marking a pleading or other instrument as “filed”, but rather the delivery to the appropriate receiving official that constitutes the filing. Lambert v. Kelley, 270 So.2d 532 (La.1972) and Roby v. Leonard, 209 So.2d 182 (La.App. 1st Cir. 1968).
Therefore we are of the opinion that the appeal was perfected when the certified letter containing the cashier’s check was delivered to the office of the clerk of the trial court on or prior to May 10, 1977. We limit, however, this decision to the facts of this particular case.
Therefore, for the above and foregoing reasons the show cause order is recalled and vacated.
ORDER RECALLED AND VACATED.