STOKER, Judge.
This is a quo warranto proceeding brought by plaintiff-appellees to determine by what authority defendant-appellants are acting as officers of a corporation, Lafayette Distributors, Inc. The issues grow out of a struggle for control of this corporation. Questions pertaining to directorships of the corporation were considered by this court in Hebert v. Stansbury, 248 So.2d 873 (La.App.3rd Cir. 1971), writ denied 259 La. 793, 253 So.2d 61 (1971).
Plaintiffs allege that despite this court’s ruling in the case just cited Kenneth M. Stansbury, Marie Prank Elmer, and Joan M. Mouton are in fact acting as directors, and officers of Lafayette Distributors, Inc. Additionally plaintiffs assert that the above named parties have no authority to act as such. Finally, it is alleged that Beulah Stansbury (president) and Kenneth M. Stansbury (secretary) are the only duly elected office holders. The lower court affirmed plaintiff’s position. From this ruling defendants have appealed. We affirm.
A brief statement of the facts is necessary to set forth the positions of the respective parties to this struggle for corporate control. Lafayette Distributors, Inc. was incorporated in the late 1950’s. The stockholders were Landry Stansbury, Paul Elmer, and Kenneth Stansbury. Mr. Landry Stansbury died, and his 50 out of 100 shares of the corporation devolved to his wife, Beulah Stansbury (8Vs shares) and his children, Randy Stansbury and Deborah Stans-bury (41% shares). The remaining 50 shares were owned 16% and 33V3 by Kenneth M. Stansbury and Paul Elmer respectively. Following Landry Stansbury’s *255 death the directors of the corporation were Beulah Stansbury, Kenneth M. Stansbury and Paul Elmer. The officers of the corporation were Beulah Stansbury (president), Paul Elmer (vice-president) and Kenneth M. Stansbury (secretary). The corporate situation was reasonably harmonious until early 1970. At this time Mr. Elmer became ill, and the cohesiveness of the corporation began to dissolve. Mr. Elmer died in August 1970 and his shares were inherited by his wife, Marie Frank Elmer, and daughter, Joan M. Mouton.
The two factions in this case had aligned themselves by June 1970 with each having the intent of taking control of the corporation. On July 16, 1970 a director’s meeting was called for the purpose of electing new officers to the corporation. The meeting was called by Kenneth Stansbury in his capacity as secretary of the corporation. Present were Kenneth M. Stansbury, director and Marie Frank Elmer acting on behalf of Paul Elmer a director. Absent was the third director, Beulah Stansbury. At this meeting the officers elected were Kenneth Stansbury president, Marie Frank Elmer, vice-president, and Joan M. Mouton secretary.
In August, 1970 a meeting of shareholders to elect directors was conducted. The result of this meeting formed the subject of our discussion in the Hebert case, reported in 248 So.2d 873 mentioned above. As stated in our prior decision in that case, the meeting was hopelessly deadlocked and no new directors were elected.
Following this meeting but prior to the rendition of judgment in 248 So.2d 873, Kenneth Stansbury called another shareholder’s meeting to elect directors in January, 1971. This meeting, so defendants contend, resulted in the election of Kenneth Stansbury, Marie Frank Elmer and Joan M. Mouton to the board of directors. Immediately following this meeting another election officers was held by the “new” directors. Elected were Kenneth Stansbury president, Marie Frank Elmer vice-president, Joan Mouton, secretary. Additionally, retroactive approval was given for the acts of the three new officers for prior execution of duties connected with their respective offices.
Due to some doubt as to the validity of the prior meetings wherein members of the faction led by Kenneth Stansbury were elected as officers and directors of Lafayette Distributors, Inc., another meeting of shareholders for elections was called for June 15, 1971. Notice of the meeting was given by Kenneth Stansbury and mailed on May 5,1971. Prior to this on May 27,1971, a voting trust of 50 shares was established by the Beulah Stansbury faction. On June 4, 1971 Beulah Stansbury mailed her own notice of a shareholders meeting. On June 14, 1971 the Beulah Stansbury faction filed a petition for a writ of quo warranto and requested a temporary restraining order. (Suit No. 49,848 on the docket of the Fifteenth Judicial District Court). The temporary restraining order was granted, enjoining Kenneth Stansbury, Marie Frank Elmer, and Joan M. Mouton from “holding” a shareholders meeting on June 15, 1971.
Despite the restraining order the Kenneth Stansbury faction convened their meeting and adjourned it from day to day. Additionally, defendants moved to dissolve the restraining order. Eventually the temporary restraining order was dissolved on June 19, 1971 and the meeting was held on June 22, 1971. The holding of this meeting was protested by the Hebert faction. The Kenneth Stansbury faction purported to elect directors through casting the fifty votes of their voting trust. Irby Hebert, although acting under protest, cast the Hebert trust’s fifty votes against such directors. The result of this meeting was the election of the Kenneth Stansbury faction or another deadlock depending on which party’s allegations are relied on. The crux of the dispute is the record date and thus the effect of the voting trust filed May 27, 1971.
The only other action taken in this suit (No. 49848) was the filing of a rule for contempt against the Kenneth Stansbury group. This rule was disposed of in September, 1971 and no further action has been taken in that case.
*256 On April 27, 1976 the Beulah Stansbury group filed the present quo warranto proceeding against the Kenneth Stansbury faction demanding that they be required to show under what authority they are acting as directors and officers of the corporation. This suit was tried on October 13,1976, and judgment was rendered recognizing Beulah Stansbury, president and director, and Kenneth Stansbury, secretary and director. No other parties were recognized as officers or directors by the judgment rendered October 25, 1976. Suspensive appeal was timely taken by defendants Kenneth Stansbury, Marie Frank Elmer, and Joan M. Mouton.
Defendant-appellants urge that the trial court erred in four particulars:
(1) In disregarding the effect of the July 16, 1970 meeting of directors which resulted in the election to offices of the corporation Kenneth Stansbury, Marie Frank Elmer, Joan M. Mouton.
(2) In disregarding the effect of the January 16, 1971 shareholders meeting which resulted in the election of a new board of directors composed of the Kenneth Stansbury faction to the offices of the corporation on January 22, 1971.
(3) In ruling that the temporary restraining order held in abeyance any “meeting” of June 15, 1971 due to the failure to post bond by the Beulah Stansbury faction.
(4) In ruling that defendants had not timely filed exceptions and failing to sustain either the exceptions of res judicata, lis pendens or the plea of laches.
Each of defendant-appellants’ contentions will be discussed in the order that they are listed above.
MEETING OF JULY 16, 1970
Defendants contend that the trial court erred in not holding the meeting and election of July 16, 1970, to be valid. This meeting was attended by Kenneth Stans-bury and Marie Frank Elmer. According to defendants a majority vote of directors was cast at this meeting in an election which resulted in the election of Kenneth Stans-bury, Marie Frank Elmer and Joan M. Mouton as officers of the corporation. We do not agree that this was a valid meeting of the board of directors. Under Article VIII of the Articles of Incorporation, as amended December 18, 1962 (See plaintiff’s exhibit, P-7, Tr. 29-30), the authority to call meetings of the board of directors is granted to the president of the board of directors. At a meeting of the shareholders and directors held on December 18, 1962, Beulah Stans-bury was elected president of the board of directors (Tr. 29 and 30). The meeting of the board of directors held on July 16,1970, was called by Kenneth Stansbury as secretary of the board of directors in direct contravention of the then existing provisions of the articles of incorporation. Therefore, the trial court correctly disregarded the election held at this illegally called meeting.
MEETING OF JANUARY 16, 1971
Defendants’ second contention of error by the trial court is that the trial court erred in disregarding the shareholders meeting on January 16, 1971, and in turn, the vote of the “new” directors meeting later that January. We disagree. Such meeting was improperly called by notice of Kenneth Stansbury acting as president. As we hold in the preceding paragraph, no officers were elected at the meeting of July 16, 1970. Therefore the officers were the same as prior to July 16, 1970; Beulah Hebert Stansbury, president, Paul Elmer, vice-president (now deceased), and Kenneth M. Stansbury, secretary. R.S. 12:73A and B provide the method and authority for calling shareholders meetings. Subdivision A is inapplicable in that a shareholders meeting had been held within 18 months of this meeting. See Hebert v. Stansbury, supra. Subdivision B is likewise inapplicable for authority because Kenneth M. Stansbury could only act in his capacity as secretary and not as president of the board of directors. Additionally, the notice given does not purport to be one by the secretary as authorized by 20% of the voting power. This defect in the notice was properly ob *257 jected to by the Beulah Stansbury faction at the meeting. Notice being objected to and defective, the proceedings were invalid. R.S. 12:73. The election of “directors” on January 16, 1971 being invalid, any subsequent action by the “directors” could in no' way affect the standing of the officers.
BOND POSTED IN CONNECTION WITH TEMPORARY RESTRAINING ORDER
Defendant’s third contention of error is predicated on two points: (1) that the bond given for the temporary restraining order was no bond at all and therefore the order was never effective, and (2) that the order being defective, the notice of May 5,1971 was proper and the meeting of June 15, 1971 was properly called to order.[1] The defect complained of in the bond is that Irby Hebert, a party to the action, signed as surety. The bond was signed by Beulah Hebert Stansbury as principal. The bond is valid on its face and purports to hold two parties liable as principal and surety. Any defect in the sufficiency or validity of a surety should be tested by motion in the trial court which required the bond. LSA-C.C.P. Art. 5123 et seq. Therefore, we hold there was a bond.
The second predicate of defendant’s contention must also fail. The notice was again issued at the behest of Kenneth Stansbury and authorized by no other. It is concluded that such notice is not effective to establish a proper record date or a meeting properly called when lack of notice is objected to. R.S. 12:73A, B, and R.S. 12:77(B). Holding this original notice invalid, the peripheral issue is raised as to the effect of the notice given by Beulah Stans-bury on June 4, 1971. Admittedly, as the last duly elected president of the corporation, Beulah Stansbury could call such a “meeting.” R.S. 12:73B. Thus, the record date would be June 3, 1971. R.S. 12:77B. The voting trust would be effective as filed May 27, 1971. However, as the trial court concluded, no “meeting” could be called on June 15, 1971 due to the temporary restraining order. The dissolution of the temporary restraining order on June 19, 1971 merely placed the opposing parties back in the position they were in originally, that is, each side could re-issue notice and conduct a shareholders meeting in accord with corporate law. See Schmidt v. F. E. Foucher, 37 La.Ann. 174 (La.1885); State ex rel. Bell v. Houston, 36 La.Ann. 886 (La.1884). Thus, as the trial court pointed out, re-issuance of notice on June 21 for a meeting on June 22, 1971 would be insufficient for the purposes of establishing a valid “meeting”. R.S. 12:73B and 77B.
EXCEPTIONS OF RES JUDICATA AND LIS PENDENS AND PLEA OF LACHES
Defendant’s final allegation of error is that the trial court erroneously overruled their exceptions as untimely filed or waived. The comments under LSA-C.C.P. Art. 2593 dealing with summary proceedings are to the effect that, because answer in such proceedings is not required, exceptions may be lodged at anytime prior to the commencement of the summary trial. The trial court nevertheless gave written reasons for the denial of all exceptions raised by the defendant.
LIS PENDENS
The plea of lis pendens was properly denied. Plaintiffs did not pursue their original writ of quo warranto filed June 14, 1971. However defendants filed formal notices before the court to take depositions on November 4, 1971. This action then must be considered as “the last steps in the prosecution or defense” of suit number 49,848. See Robertson v. Sightler, 304 So.2d 875 (La.App.2d Cir. 1974). Therefore it must be concluded that suit number 49,848 was still *258 pending on April 27,1976 when this present suit was filed. Nevertheless, we conclude that this was not precisely the same suit. In a quo warranto proceeding the purpose is to challenge an unlawful usurpation of power. In the instant suit the many corporate activities carried on by the parties since the “last step” in suit number 49,848 could have constituted unlawful usurpation of authority. The original suit prayed for a showing of authority for action prior to 1971. The second suit filed April 27, 1976 prayed for a showing of authority for action prior to 1976. Moreover, as shown by the issues raised by defendants in defense to the present action and in support of their authority to hold and exercise the corporate offices, this action does not completely parallel the previous quo warranto action. Therefore, the actions are different.
RES JUDICATA AND LACHES
The other exceptions and pleas of defendants, res judicata and laches, are not well taken. The trial court pointed out that, as to the plea of res judicata, this court’s opinion in Hebert v. Stansbury, supra, dealt only with one meeting and one election in August of 1970. Additionally, the suit bearing the trial docket number 49,848 was never pursued to final judgment and therefore may not form a basis for a plea of res judicata. LSA-C.C. Art. 2286. The plea of laches must also be denied; the evidence adduced at the trial court shows no acquiescence in the activities of the defendants by the plaintiffs. To the contrary, the evidence shows persistent attempts to oppose the defendants or to settle the differences of management of this corporation.
No error being found in the trial court’s ruling that Beulah Stansbury and Kenneth M. Stansbury were the last duly-elected directors and officers (president and secretary respectively), the lower court’s judgment is affirmed. Costs of this appeal are taxed to defendant-appellants.
AFFIRMED.

. If May 5, 1971, was the proper date of notice, then the voting trust of the Beulah Stansbury faction would not be effective on the record date of the meeting.