WATKINS, Judge.
This is an action for worker’s compensation brought for injuries allegedly caused by an accident on January 13, 1985, while Ronnie Nelson was employed by North-shore Shell Service, 501 North Causeway Boulevard, Mandeville, Louisiana. Nelson sued Northshore and Casualty Reciprocal Exchange Company, Northshore’s worker’s compensation insurer, alleging that the accident had occurred in the course and scope of his employment. The defendants filed a dilatory exception of prematurity. The bases of the exception were, first, that plaintiff had failed to allege that he had unsuccessfully submitted his claim to the Louisiana Office of Worker’s Compensation for informal resolution (see, LSA-R.S. 23:1311, 23:1314) and second, that plaintiff’s petition was not accompanied by a copy of the requisite Certificate of the Office of Worker’s Compensation (see LSA-R.S. 23:1310.1, 23:1314 B). The trial court dismissed plaintiff’s suit with prejudice. Plaintiff appeals. We amend and affirm.
Plaintiff contends that if the plea of prematurity had been sustained, plaintiff should have been permitted to amend his petition, rather than being faced with dismissal. The same contention was made before the Fifth Circuit in Cawley v. United Parcel Service, Inc., 463 So.2d 13 (La.App. 5th Cir.1985), the court noting that LSA-R.S. 23:1314 B and C expressly provided for dismissal of a worker’s compensation claim that was filed prematurely (i.e. without first going through the State Office of Worker’s Compensation).
Plaintiff further contends that his suit should have been dismissed without *693 prejudice. That contention is valid. Dismissal of a suit with prejudice solely on the ground of prematurity is improper. Kidder v. Power Rig Drilling Co., Inc., 460 So.2d 769 (La.App. 3d Cir.1984), cf. LSA-C. C.P. art. 933, comment (c). If a suit is filed prematurely, it should be dismissed without prejudice.
Plaintiff finally contends that the requirement of LSA-R.S. 23:1310, et seq. that a claim for worker’s compensation be pursued before a administrative agency before suit can be filed violates the provisions of Article 1, Section 22 of the Louisiana Constitution of 1974, which grants prospective litigants free access to the courts. However, the identical argument in a different context was made and rejected in Something Irish Co. v. Rack, 333 So.2d 773 (La.App. 1st Cir.1976). As Rack indicates, rights are not totally without legislative regulation, and the legislature does not lack authority to prescribe reasonable rules governing the procedures by which said rights may be exercised. Thus, the statute does not limit access to the courts in an unconstitutional manner.
The judgment of the trial court is amended to dismiss plaintiffs suit without prejudice, and, as thus amended, affirmed, at appellant’s cost.
AMENDED AND AFFIRMED.