NORRIS, Judge.
The plaintiff, Judy Johns, appeals a judgment sustaining an exception of prematurity and dismissing her suit for workers compensation benefits. We affirm.
Ms. Johns filed a claim with the Office of Workers Compensation Administration (“OWCA”) on June 9, 1988. It alleged a bona fide dispute as a result of an injury she sustained while employed by Libbey Glass on February 4,1987. By letter dated July 7, 1988, the director of OWCA recommended that the claim was prescribed as it was filed over one year after the accident. LSA-R.S. 23:1209. By certificate dated July 19, 1988, the director of OWCA notified the parties that the recommendation had been rejected.
Ms. Johns filed an original petition in district court for comp benefits on September 12, 1988. She reasserted that she had sustained an injury to her right arm on February 4, 1987,. but added that this was after nine years of developing “tennis elbow” from her job of sorting and packing glassware at Libbey. In the text of her petition (¶ 10) she alleged she was entitled to benefits for temporary total disability beginning on July 19, 1988 (the date of the certificate of rejection), but in her prayer for relief (¶ B) she sought benefits beginning February 4, 1987 (the alleged date of the accident).
Construing the petition as alleging the injury occurred on July 19, 1988, Libbey filed an exception of prematurity. It asserted that Ms. Johns had never submitted to OWCA any claim based on an accident of July 1988. See LSA-R.S. 23:1314.
By a supplemental and amending petition, Ms. Johns alleged that though the first onset of pain was in February 1987, it did not become disabling until a physician told her bn May 26, 1988 that her elbow would require surgery. By a second supplemental and amending petition she alleged that the disability had developed gradually and the exact date of onset could not be accurately ascertained.
Libbey Glass responded to each amended petition by amending and reasserting its exception of prematurity. After a hearing in February 1989, the district court sustained the exception and dismissed the suit at plaintiff’s costs. Ms. Johns appealed devolutively.
Implicit in Ms. Johns’s argument (though not cited in brief) is the portion of R.S. 23:1209 that extends the prescriptive period in cases where the injury “does not result at the time of, or develop immediately after” the accident. There is also jurisprudential treatment of this exception in cases like Lester v. Rebel Crane & Serv. Co., 393 So.2d 674 (La.1981), and Beverly v. State, through Dept. of Health, 424 So.2d 446 (La.App. 5th Cir.1983). This exception and the jurisprudence might arguably apply to Ms. Johns’s claim.
This does not, however, alter the procedural posture of the case. When the legislature created the OWCA in 1983, it did so with the stated purpose of resolving disagreements between parties without the need for litigation. LSA-R.S. 23:1291 B(3); LSA-Acts 1983, 1st Ex.Sess., No. 1. Although part of the statute describes the OWCA resolution procedure in permissive terms,[1] the remainder makes it clear that submission of the claim to OWCA is a *1111 prerequisite for litigation. LSA-R.S. 23:1311, 23:1314; Nelson v. Northshore Shell Serv., 525 So.2d 692 (La.App. 1st Cir.1988); Bailey v. Pacific Marine Ins. Co., 509 So.2d 508 (La.App. 3d Cir.1987), writ denied 510 So.2d 377 (La.1987). The employee’s petition must specifically allege, inter alia, that “the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.” R.S. 23:1311 B(4). We interpret “the claim” to mean “the same claim” as is the subject of the lawsuit.
Ms. Johns’s claim with OWCA alleged only an injury in February 1987. OWCA did not reach the merits because, on the basis of this information, the claim had prescribed. Ms. Johns now urges by petition a “developing” condition that did not manifest itself as disabling until May 1988. This change is not, in our opinion, a “hyper-technical procedural deficiency” that may be disregarded under a portion of the statute.[2] It is a new and significant factual assertion which undermines the allegation that the same claim for compensation has been submitted for resolution to OWCA. If this new information had been presented to OWCA, it may well have altered the recommendation.
We therefore conclude that both the letter and the spirit of the comp statute mandate that Ms. Johns’s new allegations concerning the injury be submitted to OWCA for resolution before a lawsuit can be proper. The district court did not err in sustaining the exception of prematurity.
We are of course mindful that the workers comp statute should be liberally construed in favor of the injured worker. See State v. Tatum, 466 So.2d 29 (La.1985), and a long line of jurisprudence. However, the broad construction rule does not permit us to disregard the statute entirely. Furthermore, the judgment appealed from does not defeat Ms. Johns’s action. Though premature, her lawsuit interrupted prescription. Browning v. Winnfield Veneer Co., 554 So.2d 210 (La.App. 2d Cir.1989); Lemelle v. Martco Partnership, 544 So.2d 133 (La.App. 3d Cir.1989); Green v. Continental Ins. Co., 539 So.2d 1287 (La.App. 3d Cir.1989). Jones v. Fairgrounds Corp., 548 So.2d 98 (La.App. 4th Cir.1989), writ granted 552 So.2d 373 (La.1989), is not followed. The judgment dismissing her suit because of prematurity is without prejudice. LSA-C.C.P. arts. 933, 1673; Wade v. Welch, 8 So.2d 128 (La.App. 2d Cir.1942); Rausch v. Hanberry, 377 So.2d 901 (La.App. 4th Cir. 1979). If Ms. Johns’s injury manifested itself in May 1988, her claim was not prescribed in late 1988, when the instant lawsuit was filed. She may still submit her revised claim to OWCA.
The judgment is affirmed at plaintiff’s costs.
AFFIRMED.

. LSA-R.S. 23:1310 A provides that the employee or employer or insurer may file a claim with the office.

. In brief Ms. Johns cites LSA-R.S. 23:1305, which applies to the initial notice of injury the employee must give his employer within 30 days of the accident. Such a notice shall not be held invalid by reason of any inaccuracy in stating the time, place, nature or cause of the injury. § 1305 does not apply to claims filed in court.