JOHN A. PATIN, Judge, Pro Tem.
This is an appeal from a trial court decision sustaining an exception of prematurity against plaintiff-appellant, Jeannie Sutherland-Honeycutt, and in favor of defendant-appellee, PPG Industries, Inc. The trial court found that the plaintiff failed to file a rejection certificate verifying that the Office of Worker’s Compensation had reviewed certain claims alleged in plaintiff’s amending petition. The plaintiff appeals, asserting two assignment of errors:
(1) The trial court erred in sustaining the exception of prematurity because the filing of the rejection certificate rendered the exception moot; and
(2) The trial court erred when it considered the claims considered in the rejection letter as the relevant statutes only contemplate attachment of the certificate and not its contents.
On July 20, 1987, appellant filed a petition for Worker’s Compensation alleging various growths on her body were caused by exposure to “chemical stimules presence in [her] work area.” [sic] On August 20, 1987, PPG filed an answer generally denying the petition’s allegations.
The appellant filed a first supplemental and amending petition on November 2, 1989. She amended to add a complaint that her regular work assignment of throwing *810 fifty pound sacks of chemicals throughout the day necessitated “Carpal Tunnel release” to relieve her of some of her alleged disabling pain. To this petition the defendant filed an exception of prematurity on November 14, 1989.
Before the exception was heard the appellant filed a second supplemental and amended petition, on June 13, 1990, and attached a copy of a rejection certificate from the Worker’s Compensation Office. The rejection certificate was signed by the Assistant Secretary of Labor and dated June 17, 1987. It states, in effect, that the claim of injury allegedly occurring on October 11, 1985 was, after recommendation, rejected by one of the parties.
PPG’s exception of prematurity was heard on June 27, 1990, at which time the trial court sustained the exception.
La.R.S. 23:1311 states in pertinent part that:
B. The verified petition shall set forth: (4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to formally resolve the claim has failed.
C. The petition shall have attached to it a copy of the office’s certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.
In appellant’s original petition she sets out the following claim:
“3.
As a result of the exterior chemical stim-ules presence in the work area of defendant, JEANNIE SUTHERLAND sustained various growths in her neck area; more specifically in her thyroid region. Other growths were discovered on both arms, between wrist and elbow, and behind both legs.” [Thus in original]
Appellant also alleged in her petition that the claim was submitted to the Office of Worker’s Compensation whose recommendation was rejected by one of the parties. The original petition contains the language “see attachment” in parenthesis after the language regarding the rejection. While this court can infer that the language referred to a copy of the rejection certificate, nevertheless it was not attached to the petition.
When the appellant filed her first amended petition she alleged that the constant throwing of chemical sacks led her to undergo “carpal tunnel release”. Again she attached no certificate of rejection, and this time the defendant filed the exception of prematurity. Apparently in an effort to make moot the exception, appellant filed the certificate with her second amended petition and realleged that the Office of Worker’s Compensation had considered her claim, made a recommendation and it was rejected.
The appellant argues that she need only attach proof that the Office of Worker’s Compensation entertained her claim to satisfy the statutory requirement. She asserts that the statute does not require the claim to exactly match that made in the first amended petition.
With her brief, the appellant attached a copy of the claim form she submitted to the Office of Worker’s Compensation. The claim form details muscle pain between the wrists and elbows of both arms, which appellant asserts is indicative of carpal tunnel syndrome. Appellant claims the description is evidence the Office of Worker’s Compensation had before it a claim for injury which is the same as that detailed in its first amended petition.
While this court notes the symptoms in the claim form are similar to those commonly related with carpal tunnel syndrome, there nevertheless exists some differences which cannot be overlooked and, ultimately, have the most weight. The claim form states as the cause of injury, “long term exposure to unknown external chemical stimulus.” The aforementioned cause is also the one asserted in appellant’s original petition.
The first amended petition alleges injury the severity of which required “carpal tunnel release”. The petition alleges pain similar to that alleged in the claim form, but it *811 alleges the cause as the constant throwing of fifty pound chemical sacks.
The appellee asserts that the appellant is alleging two distinct claims, only one of which has been properly addressed by the Office of Worker’s Compensation. Appel-lee contends that in order to bring suit for injuries arising out of the throwing of the sacks, the Worker’s Compensation Office must review the individual claim and make a recommendation. Appellant argues that her claim need not be fact specific, citing Lumbermen’s Underwriting Al. v. Teauge, 521 So.2d 820 (La.App. 2nd Cir.1988) for its language which discusses the relaxation of procedural and evidentiary rules from a technical pleading requirement to better aid the discovery of truth and for the protection of rights in worker’s compensation cases.
While the language need not be technical or precise, one still must adhere to the requirements mandated by the statute. More particularly, a claim pled must have previously been entertained by the Worker’s Compensation Office, a recommendation must have been made and rejected, and the rejection certificate must be attached to the pleading. Otherwise, an exception of prematurity is actionable. La. R.S. 23:1314.
Our brethren in the Second Circuit addressed similar facts in Johns v. Libbey Glass, 557 So.2d 1109, 1111 (La.App. 2nd Cir.1990). In Johns the court addressed the specificity with which claims should be made. It interpreted the language of La. R.S. 23:1311 B(4) referring to “the claim” as meaning “ ‘the same claim’ as is the subject of the lawsuit.”
Following the aforementioned reasoning, the claim by appellant filed with the Office of Worker’s Compensation in 1987 is not the same claim as alleged in the first amended petition, as they arise out of unrelated causes. While the symptoms alleged in the claim and the first amended petition are similar, it is nevertheless clear that the Office of Worker’s Compensation had not considered a claim for injury requiring “carpal tunnel release” and arising out of the lifting of fifty pound chemical sacks. Because it was not considered, the claim can not be filed in district court, and the exception of prematurity was properly sustained.
The appellant’s second assignment of error is that the trial court improperly considered the contents of the rejection certificate when ruling on the exception. Appellant asserts that La.R.S. 23:1311 C only contemplates the contents of the petition for worker’s compensation, not the certificate, and simply requires that the certificate be attached. Furthermore, she erroneously asserts that the trial court is not allowed to consider recommendations by the Worker’s Compensation Office under La.R.S. 23:1310.1.
The latter contention is erroneous, as the statute was amended and made effective prior to the filing of appellant’s petition. The amendment allows the introduction of the recommendation into any subsequent legal proceedings. Thus, the trial court could properly consider it.
As to the assertion that the statute only requires that a rejection certificate be attached and that the claim which was the subject of the certificate is not relevant, we do not agree. The statute states in part that “the office’s certificate that the claim was submitted” shall be attached to the petition, (emphasis ours).
We reiterate our previous position taken on the first assignment of error. The language of La.R.S. 23:1311 C refers to “the claim” which can only mean the claim which forms the basis for a compensation action. The language is specific, not general. To interpret it otherwise might allow persons to assert injuries in petitions wholly unrelated to those considered by the Office of Worker’s Compensation. The language of the statute mandates that the claim made in the petition must be the same as submitted to and disposed of by the Office of Worker’s Compensation. In order to insure that such is the case, the trial court must consider the claim which is the subject of the rejection certificate. In the present case, the trial court did so and *812 correctly sustained the exception of prematurity. We affirm.
AFFIRMED.