MAX N. TOBIAS, JR., Judge.
|, This court has reviewed American Cyanamid Company’s (“the mover”) motion to have this court declare the appeal of Jimmy Brumley, the plaintiff/appellant, as devolutive rather than suspensive.
We find that the trial court erred in failing to set an appeal bond as required by La. C.C.P. art. 2124 B(3)[1] for a specific dollar amount when the plaintiff/ appellant moved for a suspensive appeal of the judgment granting the mover’s exception of forum non conveniens. (Our substantive law does not declare a specific formula for the dollar amount of a suspensive appeal bond when a trial court grants an excep *1224 tion oí forum non conveniens; the specific dollar amount of the bond must be set by the trial court and is reviewed by this court using an abuse of discretion standard.) However, when the trial court failed to set a specific dollar amount bond, the burden fell upon the mover, not the plaintiff/appellant, to cause the trial court to set a proper bond, either by filing a rule in the trial court pursuant to La. C.C.P. art. 5123[2] or, alternatively, by seeking a writ of mandamus from this |2court to order the trial court set a proper bond. See La. C.C.P. art. 2161; Estate of Helis v. Hoth, 137 So.2d 472, 474 (La.App. 4th Cir.1962); Hebert v. Stansbury, 351 So.2d 253, 257 (La.App. 3rd Cir.1977); Government Employees Ins. Co. v. Thompson, 347 So.2d 1196, 1198 (La.App. 1st Cir.1977).
Accordingly, the motion of American Cyanamid Company is denied. We decline to issue an order to declare that the plaintiff/appellant’s appeal is devolutive and not suspensive.

MOTION DENIED.

JONES, J., concurs in the result with reasons.

. Article 2124 B(3) states: "In all other cases, the security shall be fixed by the trial court at an amount sufficient to assure the satisfaction of the judgment, together with damages for the delay resulting from the suspension of the execution.”

. Article 5123 states:
Any person in interest wishing to test the sufficiency, solvency of the surety, or validity of a bond furnished as security in a judicial proceeding shall rule the party furnishing the bond into the trial court in which the proceeding was brought to show cause why the bond should not be decreed insufficient or invalid, and why the order, judgment, writ, mandate, or process conditioned on the furnishing of security should not be set aside or dissolved. If the bond is sought to be held invalid on the ground of the insolvency of a surety other than a surety company licensed to do business in this state, the party furnishing the bond shall prove the solvency of the surety on the trial of the rule.