SARTAIN, Judge.
On July 2, 1964, while working for defendant Haddad Construction Company plaintiff Elroy Perrin, a carpenter, lost the use of his left eye when a nail he was driving flew up and pierced that eye. Workmen’s compensation payments totaling $3,949.60 were paid to Perrin by his employer’s insurer, Hartford Accident and Indemnity Company (Hartford) which also paid .$2,832.75 in medical expenses. When the payments were stopped, Perrin filed suit claiming total and permanent disability and also praying for penalties and attorney’s fees, alleging that the discontinuance of the payments by Hartford was arbitrary and capricious. Hartford alleged that Perrin was no longer disabled at that time and thus was only entitled to benefits for the specific loss of an eye provided by L.R.S. 23:1221(4) (i) or, in this case, $35.00 per week for one hundred weeks.
The district court held that, at the time of trial, the preponderance of the evidence supported a finding that plaintiff was still disabled from doing the kinds of carpenter work that he formerly could do and was entitled to a resumption of payments at $35.00 per week, for a period not to exceed 400 weeks together with recovery of overdue payments with legal interest on the payments in arrears. However, the court denied the plaintiff’s request for penalties and attorney’s fees, apparently finding that the evidence presented by the defendants was sufficient to justify their belief that plaintiff was fully able to return to his work as a carpenter.
The trial judge also overruled exceptions of res judicata and prescription which had been raised by defendants prior to the trial on the merits.
Our review of the record does not reveal any manifest error on the part of the trial court in the rulings made and we therefore affirm the court’s judgment in all respects.
ON THE EXCEPTIONS OF RES JUDI-CATA AND PRESCRIPTION
Plaintiff filed a prior suit on August 18, 1965, alleging that compensation payments had been stopped for over thirty days without cause. However, the record before us shows that payments during that time period were made in the amounts of $70.00 each on July 14 and 29 and in the amount of $140.00 on August 23,1965, and regularly thereafter until October 4, 1966. The defendants raised an exception of prematurity in the first suit under the provisions of La.C.C.P. Art. 926. The trial judge presiding at that time sustained the exception *60 and dismissed the suit but not until September 11, 1967, over eleven months after the last compensation payment had been made. Plaintiff’s motion for a new trial was denied on October 23, 1967, and the second suit was filed on November 6, 1967. This second suit also alleged that the compensation payments had been stopped without cause. On these facts, defendants urge that the second suit involved the same parties in the same capacities and was based on the same cause of action for the same object; thus, the exception of res judicata raised under the provisions of La.C.C.P. Art. 927 should have been sustained. We do not find merit in this contention. The only matter resolved in the first suit was that, since payments were in fact being made at the time of and subsequent to its filing, the action was prematurely brought. There was no disposition made of the real object or merits of the suit, i. e. the extent of plaintiff’s disability and his rights to benefits under the workmen’s compensation law. The dismissal merely meant that the case could not be heard because the cause of action had not matured. We cannot accept the proposition that plaintiff was also barred thereby from bringing an action once it had matured. The exception of res judicata was properly overruled.
Defendants also contend that the second suit was not brought within one year of the last compensation payment and under the provisions of L.R.S. 23:1209 the action had prescribed. Plaintiff responded that the prescription was interrupted during the pendency of the first suit, even though that suit was eventually dismissed on the grounds of prematurity, and to hold otherwise would penalize plaintiff for the court’s delay in acting on the exception of prematurity. We agree that such an interpretation would place a petitioner in the rather peculiar situation of having to file a second suit in order to protect himself against a delayed and adverse decision in the first.
In this case, plaintiff’s motion for a new trial in the first suit was not denied until more than one year after the last compensation payment had been made. The second suit was filed two weeks following that denial. We are of the opinion that the filing and pendency of the first suit interrupted the running of prescription under the principles stated in La.Civil Code Articles 3518 and 3551. The dismissal was not voluntary or as a result of abandonment by the plaintiff. The fact that he did file suit and obviously intended to pursue the claim served to interrupt prescription until a disposition in the first suit was made. The exception of prescription in the second suit was also properly overruled.
ON THE MERITS
The witnesses called at trial included the plaintiff, his brother Eugene J. Perrin, who was a construction company foreman, his cousin Clyde Perrin, who was a carpenter, and, for the defendants, four private investigators who had seen the plaintiff working from time to time following the accident.
The trial judge did not give reasons for finding that at the time of the trial plaintiff was still disabled. The plaintiff and his witnesses did appear to be more knowledgeable about a carpenter’s work than did the investigators for the defendants, since all of the latter admitted that they had not seen Perrin work prior to the accident and also that they had little knowledge of the range of duties involved in a carpenter’s work.
In essence, the plaintiff’s position was that he was able to perform only rough work and then only at ground level. The deficiency or loss of his depth perception made climbing hazardous and certain types of close finishing work so difficult and slow for him that he would be laid off of a job when the rough work was completed. Prior to the accident, he was a skilled carpenter in all phases of work and could perform on a job from start to finish. Except for a brief time when he worked in Mississippi following a hurricane, almost all of his work since the accident had been on jobs for which his brothers were foremen. *61 Evidence was introduced which showed that he was dismissed from one job because of his inability to climb and was not hired for another job because the prospective employer wanted a carpenter with good vision. On these facts, plaintiff contended that he was unable to compete on an equal basis with able-bodied skilled carpenters in pursuing his trade and livelihood and that to attempt to perform certain phases of work would be hazardous to him and his fellow workers. Plaintiff’s witnesses agreed with those contentions and corroborated those facts.
One investigator who testified for the defendants had been assigned to watch Perrin at work sixteen times over a period of several months. He admitted that he had seen him working only on eight occasions and that Perrin appeared to be doing normal carpenter’s work, about the same as the other men on the job. This work included some hammering, sawing and carrying lumber. Of the other three investigators, one saw him at work on May 22, one on May 23, and the third on both days in 1967. They were responsible for taking four of the six films that were introduced at the trial. From their testimony and the films, it appeared that the men were preparing a foundation for a building and in that connection were setting stakes and constructing forms for the pouring of concrete. Perrin was engaged in these tasks and appeared capable of doing his share of that work, including the use of a sledge hammer for driving stakes.
The plaintiff admitted that he was able to do work on some rougher phases of a job and that he was paid at the same rates as others for such work. However, there was no evidence to refute his contentions that he was unable to work at heights, such as on a roof or scaffold, or to do finishing work, such as hanging doors or paneling. Under these circumstances, we are of the opinion that the trial judge had sufficient grounds for finding that plaintiff could not return to substantially the same work as a skilled carpenter which he had been doing before the accident and was therefore, at the time of trial, entitled to permanent and total disability benefits. Wright v. National Surety Corporation, 221 La. 486, 59 So.2d 695 (1952); Brannon v. Zurich General Accident & Liability Insurance Co., 224 La. 161, 69 So.2d 1 (1953).
It appears from a review of the cases cited to us by both parties that the determination of disability vel non of a plaintiff to return to his former employment is based on fact and necessarily depends on the circumstances in each case. We do note that a doctor’s report in the record suggests that a person who has impaired depth perception due to the loss of an eye may gradually adjust to the handicap and reacquire normal depth perception. While the trial judge was justified in holding that at the time of this trial Elroy Perrin had not yet made such an adjustment, this matter is subject to review under the provisions of L.R.S. 23:1331.
Lastly, we find that the discontinuance of payments by the defendants was not arbitrary or capricious to the extent that plaintiff is entitled to the penalties and attorney’s fees for which he prayed. Plaintiff had been doing some work and through the eyes of the defendants there appeared to be a legitimate question relative to the extent of his disability at the time the payments were stopped.
For the above and forgoing reasons the judgment of the lower court is affirmed, at defendants-appellants’ costs.
Affirmed.