539 So.2d 1287 (1989)
Barbara C. GREEN, Plaintiff-Appellant,
v.
The CONTINENTAL INSURANCE COMPANY, Defendant-Appellee.
No. 87-1388.
Court of Appeal of Louisiana, Third Circuit.
March 15, 1989.
Brumfield & Brumfield, William P. Brumfield, Baton Rouge, for plaintiff-appellant.
Stockwell, Sievert, Viccellio, Clements & Shaddock, Jeanne Sievert, Mary Shaddock, Lake Charles, for defendant-appellee.
Before GUIDRY, LABORDE and KING, JJ.
LABORDE, Judge.
Plaintiff, Barbara C. Green, brought this worker's compensation suit seeking recovery for injuries allegedly sustained while in the course and scope of her employment at Oak Park Care Center (Oak Park). The defendant is Continental Insurance Company (Continental), Oak Park's insurer. Continental filed an exception of prescription claiming that more than one year elapsed between the date of the accident and plaintiff's filing suit. The district court granted the exception and dismissed plaintiff's claim with prejudice. We reverse.

FACTS
Plaintiff claims that in January, 1985, she injured her back while employed as a nurse's aide at Oak Park. She subsequently filed a claim for worker's compensation benefits with the Office of Worker's Compensation (Office) pursuant to LSA-R.S. 23:1310. The Office reviewed the matter, and on May 14, 1985, issued a recommendation denying plaintiff's claim. Neither plaintiff nor defendant timely rejected the recommendation and, therefore, under the provisions of LSA-R.S. 23:1310.1, both were conclusively presumed to have accepted it.
On December 3, 1985, plaintiff filed suit against Oak Park. Defendant filed an exception of prematurity based on LSA-R.S. 23:1314. It alleged that plaintiff failed to attach to her petition the certificate issued by the Office, indicating her rejection of the Office's recommendation.[1] The exception was heard on August 25, 1986, and the trial court rendered judgment in favor of the defendant, dismissing plaintiff's petition without prejudice. Plaintiff then filed *1288 another claim with the Office seeking modification of the earlier recommendation pursuant to LSA-R.S. 23:1331(C). On November 4, 1986, the Office issued another recommendation declining to reconsider plaintiff's claim for compensation. Plaintiff then timely rejected that recommendation pursuant to LSA-R.S. 23:1310.1. On December 17, 1986, she received a certificate issued by the Office indicating that one of the parties had timely rejected the recommendation.[2] Plaintiff commenced this action on January 19, 1987. Her suit was met this time with an exception of prescription. Defendant insurer, Continental, argued that plaintiff's cause of action had prescribed as more than one year elapsed from the date of the accident to her filing suit. The district court sustained the exception of prescription and dismissed plaintiff's claim with prejudice. From this judgment, plaintiff appeals.

APPLICABLE STATUTES
LSA-R.S. 23:1310.1(A) provides:
"Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and may be admissible into evidence in any subsequent legal proceeding; however, the recommendation when admitted into evidence shall not be accorded any presumption of correctness as to the facts or the law. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties." (Emphasis added.)[3]
LSA-R.S. 23:1311 provides in relevant part:
"A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
* * * * * *
C. The petition shall have attached to it a copy of the office's certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office's recommendation was rejected."
LSA-R.S. 23:1331(C) declares:
"At any time after six months after rendition of a judgment of compensation by the district court or at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party *1289 for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1 (Emphasis added)
LSA-R.S. 23:1209 establishes the prescriptive period for worker's compensation claims. It provides:
"A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident.
"B. Any claim may be filed with the director, office of worker's compensation, by delivery or by mail addressed to the office of worker's compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim. If the claim is received by mail on the first legal day following the expiration of the due date, there shall be a rebuttable presumption that the claim was timely filed. In all cases where the presumption does not apply, the timeliness of the mailing shall be shown only by an official United States postmark or by official receipt or certificate from the United States Postal Service made at the time of mailing which indicates the date thereof.
"C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits."[4] (Footnote in text omitted.)

ANALYSIS
At issue on appeal, is whether the trial court erred in maintaining defendant's exception of prescription. In the instant case, plaintiff filed her first claim with the Office within the prescriptive period established by LSA-R.S. 23:1209. However, she did not reject the recommendation of the Office within thirty days as required by LSA-R.S. 23:1310.1. Thus, plaintiff was conclusively presumed to have accepted the Office's recommendation.
In Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165 (La.App. 3d Cir.1986), this court rejected the notion that noncompliance with LSA-R.S. 23:1310.1 perempts a plaintiff's cause of action. As explained in Rich, noncompliance merely prohibits a judicial review of the Office's initial recommendation on petition of one of the parties. Furthermore, this court recognized in Rich that the peremptive period provided by LSA-R.S. 23:1310.1 does not supercede the prescription provisions of LSA-R.S. 23:1209 which require that a claim for compensation benefits must be filed with the Director of the Office within one year after the accident or one year from the time the injury develops, but in all such cases within two years of the date of the accident.
*1290 When both parties accept the recommendation of the Office by not rejecting it, the proper procedure for seeking modification of the recommendation is through review pursuant to LSA-R.S. 23:1331(C). That paragraph provides that:
"`at any time after six months from the date of the acceptance by the parties of the recommendation of the director under R.S. 23:1310.1, the director shall review the same upon the application of either party for a modification thereof and shall issue a recommendation pursuant to R.S. 23:1310.1.' This statute gives a right to either party to subsequently apply to the director for a review of the earlier recommendation in order to seek a modification. The right of review does not exist until six months after the date of the acceptance of the prior recommendation."
Rich, 490 So.2d at 1171.
In the instant case, plaintiff, instead of waiting six months and filing an application with the Office for a review of this determination, brought suit in district court. The district court properly rejected this course of action as premature, since at the time she filed suit, plaintiff's right of review under LSA-R.S. 23:1331 had not yet come into existence. See Rich, supra; Brignac v. Liberty Mutual Insurance Co., 496 So.2d 1306 (La.App.3d Cir.1986); Arthur v. Union Underwear Co., Inc., 492 So.2d 873 (La.App.3d Cir.1986).
However, the filing of this suit interrupted the running of prescription under LSA-R.S. 23:1209.[5] See LSA-C.C. art. 3463 and its official comments. Thus, plaintiff's failure to reject the May 14, 1985, recommendation within 30 days did not act to perempt or destroy her claim for benefits. She lost only her right to reject that recommendation, but her underlying cause of action did not cease to exist. Plaintiff at this stage was in the same position as a claimant who attempts to file her initial claim in district court before submitting the claim to the Office. Plaintiff subsequently timely filed an application for reconsideration of the Office's recommendation pursuant to LSA-R.S. 23:1331(C).
Defendant, in the present case, argues that a worker can only seek modification of a recommendation awarding compensation benefits. It contends that LSA-R.S. 23:1331(C) is not applicable to a situation where a worker has been denied compensation benefits. In that instance, granting the relief sought by plaintiff would entail a reversal, not a modification of a prior decision by the Office. We disagree with defendant's restrictive definition of the term "modification." In Disotell v. Wadsworth Golf Construction Co., 500 So. 2d 371 (La.1987), Justice Dennis noted that the requirement that the "incapacity of the employee has been subsequently diminished or increased, or that the judgment was obtained through error, fraud or misrepresentation" was omitted from the 1983 amendment to LSA-R.S. 23:1331. "This omission makes the precise reason for the modification request irrelevant." Id. at 373. (Emphasis added)
Consequently, we conclude that the trial court erred in dismissing plaintiff's suit for worker's compensation benefits on an exception of prescription. Plaintiff's first suit was clearly subject to an exception of prematurity. Nevertheless, the fact that she was conclusively presumed to have accepted the initial recommendation made pursuant to LSA-R.S. 23:1310.1 did not bar her right to seek a modification under LSA-R.S. 23:1331(C). Plaintiff timely applied for review and modification of the recommendation denying compensation. The Office issued a second recommendation on November 4, 1986, declining to reconsider plaintiff's claim for compensation. Plaintiff timely rejected that recommendation pursuant to LSA-R.S. 23:1310.1. She then properly filed this suit in district court.
Accordingly, the judgment of the trial court sustaining the exception of prescription and dismissing plaintiff's suit is reversed. The exception is overruled and this case is remanded to the district court *1291 for further proceedings. Costs of appeal are assessed against defendant-appellee.
REVERSED AND REMANDED.
NOTES
[1] We note that at that time LSA-R.S. 23:1314 required that the certificate be attached to plaintiff's petition. In 1987, the statute was amended to allow a plaintiff to present the certificate at or any time prior to the hearing on the matter.
[2] The record does not contain any documents dated earlier than this certificate. Therefore, we rely on the representations of the parties in their pleadings and briefs as to the dates and contents of the other documents referred to.
[3] As quoted, this statute incorporates certain changes by 1985 legislation, effective January 1, 1986. These changes do not affect this court's disposition of the issues.
[4] This statute incorporates certain changes made by 1985 legislation, but the changes do not affect the issues that presently concern us.
[5] In Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La.1981), our Supreme Court established that R.S. 23:1209 is prescriptive and subject to interruption.