544 So.2d 133 (1989)
Larry James LEMELLE Plaintiff-Appellant,
v.
MARTCO PARTNERSHIP Defendant-Appellee.
No. 88-203.
Court of Appeal of Louisiana, Third Circuit.
May 24, 1989.
*134 Marion O. White, Opelousas, for plaintiff/appellant.
Onebane, Donohoe, Bernard, Torian, Diaz and McNamara, John F. Wilkes III, Lafayette, for defendant/appellee.
Before GUIDRY, DOUCET and LABORDE, JJ.
DOUCET, Judge.
This appeal arises out of a suit by plaintiff, Larry James Lemelle, against defendant, Martco Partnership, to recover damages for personal injury and in the alternative for worker's compensation benefits with penalties and attorney fees. Defendant filed an exception of prescription, which was sustained by the trial court. From this adverse judgment plaintiff now appeals.
Plaintiff was employed by defendant in its lumber manufacturing business and on October 21, 1984, while in the course of such employment, plaintiff sustained injuries to his right foot. Defendant began making weekly worker's compensation benefit payments to plaintiff, and plaintiff received the last such payment on July 5, 1985. Defendant thereafter ceased making benefit payments.
On July 3, 1986, plaintiff filed suit against defendant by a petition titled "Petition for Damages and in Alternative for Workmen's Compensation with Penalties and Attorney Fees." On August 4, 1986, plaintiff filed a claim for compensation benefits with the office of worker's compensation administration.
On April 4, 1987, defendant filed an exception of prescription to plaintiff's suit. This exception was heard by the trial court on May 22, 1987 and taken under advisement. The trial court filed its Reasons for Judgment on May 28, 1987, stating therein that "prescription has occurred both as to Tort and Workman's Compensation." A judgment sustaining defendant's exception of prescription as to the tort and worker's compensation suits was signed on October 20, 1987.
Plaintiff filed a motion for rehearing, which was heard by the trial court on November 13, 1987. Plaintiff's attorney failed to appear at this hearing. The trial court denied plaintiff's request for a rehearing, and this appeal followed.
With regard to plaintiff's tort claim, it is clear that the trial court was correct in sustaining defendant's exception of prescription. Delictual actions are subject to a liberative prescription of one year, commencing from the day injury or damage is sustained. LSA-C.C. art. 3492. Plaintiff filed suit well over one year after his injury was sustained and, therefore, his tort action has prescribed. However, with respect to plaintiff's worker's compensation claim, the trial court erred in sustaining defendant's exception of prescription.
A reading of the trial court's Reasons for Judgment does not make clear upon what authority the trial court based its conclusion that plaintiff's worker's compensation claim had prescribed. Presumably, this conclusion was based on LSA-R. S. 23:1209, which at the time of plaintiff's work-related accident provided as follows:
"§ 1209. Prescription
*135 In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident."
From this provision, the trial court apparently concluded that plaintiff's claim for payments was "forever barred" because, within one year from the time the defendant made the last benefit payment (July 5, 1985), the parties never agreed on the payments to be made and no formal claim was ever filed with the Office of Worker's Compensation. However, in reaching this conclusion the trial court overlooked certain pertinent statutory provisions and jurisprudence.
We are of the opinion that the filing and pendency of the present suit by the plaintiff interrupted the running of prescription under LSA-R.S. 23:1209[1]. See: LSA-C.C. arts. 3462 and 3463 and their official comments; Green v. Continental Ins. Co., 539 So.2d 1287 (La.App. 3rd Cir.1989); Perrin v. Hartford Accident & Indemnity Co., 248 So.2d 58 (La.App. 1st Cir. 1971).
The suit filed by plaintiff on July 3, 1986, although subject to an exception of prematurity because plaintiff did not file initially with the Office of Worker's Compensation, interrupted prescription on the claim for worker's compensation benefits. This suit was still pending when, on August 4, 1986, plaintiff filed his claim with the Office of Worker's Compensation. LSA-C.C. art. 3462 provides that prescription is interrupted by filing suit in a court of competent jurisdiction. Plaintiff's July 3, 1986 suit was filed in a court of competent jurisdiction but was simply premature. LSA-C.C. art. 3463 provides that the interruption of prescription resulting from the filing of suit in a court of competent jurisdiction within the prescriptive period continues as long as the suit is pending, unless plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial. It is obvious from this appeal that plaintiff did not abandon, voluntarily dismiss, or fail to prosecute this suit at trial.
There is jurisprudential authority for the proposition that prescription is interrupted during pendency of a worker's compensation suit, even though that suit eventually is dismissed on grounds of prematurity. Green, supra; Perrin, supra. Thus, we find that the trial court committed manifest error in sustaining defendant's exception of prescription to plaintiff's claim for worker's compensation benefits.
For the above and foregoing reasons, the judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings according to the views expressed herein.
REVERSED AND REMANDED.
NOTES
[1] In Lester v. Rebel Crane and Service Co., 393 So.2d 674 (La. 1981), our Supreme Court established that R.S. 23:1209 is prescriptive and subject to interruption.