CIACCIO, Judge.
Plaintiff, Whitney C. Jones, Sr., appeals the dismissal of his worker’s compensation suit against defendants, the Fairgrounds Corporation and its worker’s compensation insurer, The Hartford Insurance Company. Agreeing with the trial court that plaintiff’s claim has prescribed, we affirm.
Plaintiff first filed suit on April 17, 1986 against the Fairgrounds Corporation seeking worker’s compensation benefits, medical expenses, penalties and attorney’s fees alleging that he was injured in a work related accident while in the course and scope of his employment in the Fairgrounds’ kitchen on January 13,1985. Defendants filed an answer denying plaintiff’s allegations.
On October 14, 1986, plaintiff filed a supplemental and amended petition alleging the accident occurred on December 26, 1985, and named The Hartford Insurance Company as a defendant. In response to this amended petition, defendants filed an exception of prematurity contending that plaintiff failed to first file his claim with the Office of Worker’s Compensation as provided for in L.S.A.R.S. 23:1314. Sustaining defendants’ exception of prematurity, the trial judge rendered judgment dismissing plaintiff’s suit without prejudice on January 14, 1987. Plaintiff did not appeal this judgment.
On January 8, 1988, plaintiff filed another petition for worker’s compensation benefits against the Fairgrounds and Hartford alleging that he was injured in a work related accident on January 13, 1985. In response to this petition, defendants filed an exception of prescription on August 11, 1988.
Shortly thereafter, plaintiff filed a supplemental and amended petition on October 11, 1988. In this amended petition, plaintiff alleges that his injury occurred on December 26,1985 and that he had previously filed a claim with the Office of Worker’s Compensation which was rejected. In compliance with R.S. 23:1311, plaintiff also attached a copy of the certificate dated June 9, 1987 issued by the Office of Worker’s Compensation to this amended petition. On December 13, 1988, the trial judge rendered judgment sustaining defendants’ exception of prescription and dismissing plaintiff’s suit with prejudice. It is from this judgment that plaintiff now appeals.
Plaintiff argues on appeal that his claim for worker’s compensation benefits could not have prescribed because he filed his first suit on April 17, 1986, less than one year from the date of his alleged injury, December 26, 1985, thus, the filing of this suit interrupted the prescriptive period. Plaintiff also argues that, because the trial judge dismissed his first suit without prejudice on January 14, 1987, the prescriptive period did not start running again until that date and that the period during which the action was pending did not count toward the accrual of prescription. Following this reasoning, plaintiff contends that the prescriptive period began to run anew and therefore he had until January 14,1988 to file a claim with the Office of Worker’s Compensation. We disagree. Prescription in worker’s compensation claims is specifically governed by L.S.A.R.S. 23:1209 and 1311.
L.S.A.R.S. 23:1209(A) reads as follows: Section 1209. Prescription; timeliness of filing
A. In case of personal injury, including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in subsection B of this section and in this chapter. Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not *100 take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4). Also, when the injury does not result at the time of, or develop immediately after the accident, the limitation shall not take effect until expiration of one year from the time the injury develops, but in all such cases the claim for payment shall be forever barred unless the proceedings have been begun within two years from the date of the accident. L.S.A.R.S. 23:1311 reads in full:
Section 1311. Period to file claim in court; place of filing in general; contents of petition
A. If any party rejects the recommendation of the office, the employee or his dependent shall present within sixty days of the receipt of the recommendation or within the period established by R.S. 23:1209, whichever occurs last, a verified petition to the district court which would have jurisdiction in a civil case, to the district court of the parish in which the injury was done or the accident occurred, to any court at the domicile or at the principal place of business of the defendant having jurisdiction of the amount in dispute, or to the district court of the parish in which the injured employee or his dependent is domiciled, at the option of the petitioner.
B. The verified petition shall set forth:
(1) The names and addresses of the parties.
(2) A statement of the time, place, nature, and cause of the injury, or such fairly equivalent information as will put the employer on notice with respect to the identity of the parties.
(3) The specific compensation benefit which is due but has not been paid or is not being provided.
(4) A statement that the claim for compensation has been submitted to the office for informal resolution and that such attempt to informally resolve the claim has failed.
C. The petition shall have attached to it a copy of the office’s certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.
The Worker’s Compensation Act provides a two stage proceeding, one administrative and one judicial. Franz v. New Orleans Breakers, Limited Partnership, 515 So.2d 1120 (La.App. 5th Cir., 1987). Plaintiff’s right to seek redress by either of these proceedings has prescribed on the face of the pleadings.
The act clearly allows the filing of an administrative claim within one year of the accident; R.S. 23:1209. The act also requires that the petition filed in a district court specifically state that the claim for compensation has been submitted to the Office of Worker’s Compensation for informal resolution and that an attempt to informally resolve the claim has failed. R.S. 23:1311. Likewise, R.S. 23:1314 states that the filing of a petition in district court under R.S. 23:1311 is premature unless it alleges that the claim has been submitted to the Office for informal resolution and that resolution of the claim has failed.
The record reflects that plaintiff failed to first file his claim with the Office of Worker’s Compensation, but rather chose to file suit in district court on April 17, 1986. Under the statute, this pleading on its face was premature. Plaintiff should have been on notice that he had one year from the date of the alleged accident to file the claim with the Office of Worker’s Compensation. It should be noted that plaintiff's suit filed in district court on April 17, 1986 alleged the injury occurred on January 13, 1985. The Fairgrounds filed an answer to plaintiff's petition rather than an exception of prematurity or exception of prescription. It was not until October 14, 1986, that plaintiff filed the amended petition alleging the accident happened on December 26, 1985. This amended petition also lacked the requisite allegation that plaintiff had filed his claim with the Office for informal resolution and that the attempt at resolution had failed. Therefore, the trial court properly dismissed plaintiff’s suit on January 14, 1987 when it *101 sustained defendants’ exception of prematurity filed on December 2, 1986.
Even though the trial court dismissed plaintiffs first suit without prejudice, we do not agree with plaintiffs argument that he had one year from the date of the dismissal of his suit to file a claim with the Office of Worker’s Compensation. As we previously stated herein, the prescriptive period in worker’s compensation cases is specifically governed by L.S.A.R.S. 23:1209 and 1311.
The evidence before us indicates that plaintiff filed his claim with the Office of Worker’s Compensation on March 20,1987. This was nearly one year and three months after the alleged December 26, 1985 accident. Under L.S.A.R.S. 23:1209, the administrative claim had prescribed and the filing of the premature suit did not interrupt that prescriptive period.
Appellant cites Green v. Continental Insurance Co., 539 So.2d 1287 (La.App. 3rd Cir.1989) in support of his claim of interruption of prescription. We disagree. Although Green states that R.S. 23:1209 is prescriptive and subject to interruption it did not hold that the filing of a premature suit interrupts the one year prescriptive period for filing a claim with the Office of Worker’s Compensation (Office). Ms. Green had timely filed her initial claim with the Office but she failed to timely reject the recommendation. She then filed suit in the district court which was dismissed without prejudice because of prematurity. She then timely filed her claim for reconsideration of the Office’s recommendation pursuant to R.S. 23:1331(C). She timely refused that recommendation and then filed suit within 60 days of the rejection, all within the time periods set out in R.S. 23:1310.1 and R.S. 23:1311. The court further held that her failure to timely reject the initial recommendation would not perempt her claim for benefits but she retained the right to apply for reconsideration pursuant to R.S. 23:1331(C). It did not rely on the filing of the premature suit in the district court in arriving at this decision.
In this case plaintiff failed to timely file his claim with the Office, i.e., within one year of the injury. Failing to have done so his claim prescribed and his subsequent late filing with the Office could not breathe new life into his prescribed cause of action.
To the extent that the recent case of Lemelle v. Martco Partnership, 544 So.2d 133 (La.App. 3rd Cir.1989), arrived at a contrary result, we disagree with its reasoning and decline to follow it.
Accordingly, the judgment of the trial court maintaining the exception of prescription and dismissing plaintiff’s suit with prejudice is affirmed.
AFFIRMED.