554 So.2d 210 (1989)
Paul E. BROWNING, Plaintiff/Appellant.
v.
WINNFIELD VENEER COMPANY, Defendant/Appellee.
No. 20970-CA.
Court of Appeal of Louisiana, Second Circuit.
December 6, 1989.
Bobby L. Culpepper, Jonesboro, for Paul E. Browning.
Cook, Yancey, King & Galloway by Timothy B. Burnham, Shreveport, for Aetna Cas. & Sur. Co.
Hayes, Harkey, Smith, Cascio & Mullens by Thomas M. Hayes, III, Monroe, for Winnfield Veneer Co.
Before HALL, C.J., and JONES and LINDSAY, JJ.
HALL, Chief Judge.
Plaintiff, Paul E. Browning, appeals the summary judgment rendered in favor of defendants Winnfield Veneer Company and Aetna Casualty and Surety Company, dismissing plaintiff's worker's compensation suit against defendants as prescribed. For reasons expressed herein, we reverse and remand for further proceedings.

FACTS
Plaintiff filed suit against Winnfield Veneer Company on April 13, 1987, alleging that he was injured in a work related accident on April 14, 1986. It was alleged that at the time of the accident plaintiff was employed by Browning Wood Haulers, a Louisiana partnership; that Browning Wood Haulers was performing work for Winnfield Veneer Company; and that Winnfield Veneer Company was the statutory employer of plaintiff. Service of process was made on the defendant, Winnfield Veneer Company, on April 15, 1987.
*211 Subsequently, Winnfield Veneer Company filed an exception of prematurity and an answer, alleging that the suit was premature as no claim had been processed through the Office of Worker's Compensation Administration (OWCA) and no certificate of the office was attached to the petition, as required by LSA-R.S. 23:1314. Almost a year later, on May 5, 1988, an amended petition was filed which added an additional party defendant, Aetna Casualty and Surety Company (Aetna) which company was alleged to have provided worker's compensation insurance to Browning Wood Haulers and was alleged to be solidarily liable to plaintiff. A third party demand was filed on behalf of Winnfield Veneer Company against Aetna on May 12, 1988. On June 28, 1988 an exception of prematurity was filed on behalf of Aetna.
In the meantime, in August, 1987, plaintiff filed a formal claim with the OWCA which was denied on September 3, 1987 as having prescribed. The formal claim was filed more than one year after the date of the accident in question. The required certificate was issued on September 25, 1987 and was attached to the plaintiff's second amended petition which was filed on July 5, 1988, more than two years after the injury had occurred. Defendants' exceptions of prematurity were overruled on October 14, 1988.
Motions for summary judgment were filed by the defendants, alleging that plaintiffs' claim prescribed because of his failure to file a claim with the OWCA within one year of the date of the accident as required by LSA-R.S. 23:1209.
On February 14, 1989, the trial court granted summary judgment to Aetna and Winnfield Veneer Company finding that plaintiff's claim had prescribed, and dismissing plaintiff's suit with prejudice. Plaintiff appealed devolutively asserting one assignment of error, that the trial court erred in failing to hold that the filing of the suit for worker's compensation in district court interrupted the prescriptive period established in LSA-R.S. 23:1209.
LSA-R.S. 23:1209, provides the time periods within which actions must be taken in order to preserve a claim for worker's compensation benefits. At the time of the accident giving rise to this suit, the statute provided in pertinent part:
A. In case of personal injury including death resulting therefrom, all claims for payments shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed as provided in Subsection B of this Section and in this Chapter....
B. Any claim may be filed with the director, office of worker's compensation, by delivery or by mail addressed to the office of worker's compensation. The filing of such claims shall be deemed timely when the claim is mailed on or before the prescription date of the claim....
C. All claims for medical benefits payable pursuant to R.S. 23:1203 shall be forever barred unless within one year after the accident or death the parties have agreed upon the payments to be made under this Chapter, or unless within one year after the accident a formal claim has been filed with the office as provided in this Chapter. Where such payments have been made in any case, this limitation shall not take effect until the expiration of three years from the time of making the last payment of medical benefits.
The trial court in its written reason for judgment stated:
The clear provisions of LSA-R.S. 23:1209 would indicate that failure to file a claim with the OWCA within one year of the date of the accident would preclude any further action. Disagreeing with that position, petitioner argues that liberal construction of the applicable provisions coupled with the filing of the petition for benefits within one year of the date of the accident interrupts the running of the prescriptive period provided in LSA-R.S. 23:1209.
Revision of the statutes dealing with worker's compensation in 1983 resulted *212 in a procedure of administrative examination and review of all compensation claims. The provision in question is straight-forward and mandates the filing of the formal claim with the appropriate office within one year of the date of the accident. The allegations contained in the petition filed herein on April 13, 1987, could have been submitted as a formal claim with the office of worker's compensation. Had that been the case the obligatory language of LSA-R.S. 23:1209 would have been met.
Subsequent to the trial court's decision in this case, two appellate decisions were rendered, reaching contrary results on the precise issue presented here.
In Lemelle v. Martco Partnership, 544 So.2d 133 (La.App. 3d Cir.1989), the plaintiff filed suit in district court two days before the one year prescriptive period of LSA-R.S. 23:1209 would expire. Subsequently, after expiration of the one-year period, plaintiff filed a claim for compensation benefits with the OWCA. Judgment was entered in the trial court sustaining defendant's exception of prescription. On appeal the Third Circuit reversed the trial court judgment stating that filing suit, although subject to an exception of prematurity, interrupted prescription on the claim for worker's compensation benefits. The Third Circuit relied upon the general provisions of LSA-C.C. Art. 3462 and 3463[1] for support of its position. The court held:
We are of the opinion that the filing and pendency of the present suit by the plaintiff interrupted the running of prescription under LSA-R.S. 23:1209. [footnote omitted] See LSA-C.C. arts. 3462 and 3463 and their official comments; Green v. Continental Ins. Co., 539 So.2d 1287 (La.App. 3d Cir.1989); Perrin v. Hartford Accident & Indemnity Co., 248 So.2d 58 (La.App. 1st Cir.1971).
The suit filed by plaintiff on July 3, 1986, although subject to an exception of prematurity because plaintiff did not file initially with the Office of Worker's Compensation, interrupted prescription on the claim for worker's compensation benefits. This suit was still pending when, on August 4, 1986, plaintiff filed his claim with the Office of Worker's Compensation. LSA-C.C. art. 3462 provides that prescription is interrupted by filing suit in a court of competent jurisdiction. Plaintiff's July 3, 1986 suit was filed in a court of competent jurisdiction but was simply premature. LSA-C.C. art. 3463 provides that the interruption of prescription resulting from the filing of suit in a court of competent jurisdiction within the prescriptive period continues as long as the suit is pending, unless plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial. It is obvious from this appeal that plaintiff did not abandon, voluntarily dismiss, or fail to prosecute this suit at trial.
There is jurisprudential authority for the proposition that prescription is interrupted during pendency of a worker's compensation suit, even though that suit eventually is dismissed on grounds of prematurity. Green, supra; Perrin, supra. Thus, we find that the trial court committed manifest error in sustaining defendant's exception of prescription to plaintiff's claim for worker's compensation benefits.
In Jones v. Fairgrounds Corporation, 548 So.2d 98 (La.App. 4th Cir.1989), plaintiff first filed suit in district court less than one year after the accident and was met with an exception of prematurity. The trial court sustained the exception and dismissed plaintiff's suit without prejudice. Plaintiff then filed a claim with the OWCA, *213 more than one year after the accident. Subsequently plaintiff filed another petition for worker's compensation benefits attaching a copy of the certificate required by LSA-R.S. 23:1311 to a supplemental and amended petition. This suit was met with an exception of prescription. The trial court sustained the defendant's exception of prescription and dismissed plaintiff's suit with prejudice. In affirming the trial court judgment the Fourth Circuit stated:
The worker's compensation act provides a two stage proceeding, one administrative and one judicial. Franz v. New Orleans Breakers, Limited Partnership, 515 So.2d 1120 (La.App. 5th Cir. 1987). Plaintiff's right to seek redress by either of these proceedings has prescribed on the face of the pleadings.
The act clearly allows the filing of an administrative claim within one year of the accident. LSA-R.S. 23:1209. The act also requires that the petition filed in a district court specifically state that the claim for compensation has been submitted to the Office of Worker's Compensation for informal resolution and that an attempt to informally resolve the claim has failed. LSA-R.S. 23:1311. Likewise, LSA-R.S. 23:1314 states that the filing of a petition in district court under LSA-R.S. 23:1311 is premature unless it alleges that the claim has been submitted to the office for informal resolution and that resolution of the claim has failed.
The record reflects that plaintiff failed to first file his claim with the office of worker's compensation, but rather chose to file suit in district court on April 17, 1986. Under the statute this pleading on its face was premature. Plaintiff should have been on notice that he had one year from the date of the alleged accident to file the claim with the office of worker's compensation.
Even though the trial court dismissed plaintiff's first suit without prejudice, we do not agree with plaintiff's argument that he had one year from the date of the dismissal of his suit to file a claim with the Office of Worker's Compensation. As we previously stated herein, the prescriptive period in worker's compensation cases is specifically governed by LSA-R.S. 23:1209 and 1311.
The evidence before us indicates that plaintiff filed his claim with the office of worker's compensation on March 20, 1987. This was nearly one year and three months after the alleged December 26, 1985 accident. Under LSA-R.S. 23:1209, the administrative claim had prescribed and the filing of the premature suit did not interrupt that prescriptive period....
In this case plaintiff failed to timely file his claim with the office, i.e., within one year of the injury. Failing to have done so his claim prescribed and his subsequent late filing with the office could not breathe new life into his prescribed cause of action.
The Fourth Circuit distinguished Green v. Continental Insurance Company, 539 So.2d 1287 (La.App. 3d Cir.1989), which was relied upon by the Third Circuit to support its rationale in Lemelle, supra. In Green the plaintiff had timely filed her claim with the OWCA, therefore, the decision did not rely on the filing of premature suit in the district court to interrupt the one year prescriptive period.
The decision of the trial court in the instant case, and the decisions of the appellate courts in Lemelle and Jones are all well-reasoned. However, we consider the Lemelle decision to be the better view.
LSA-R.S. 23:1209 establishes a one-year prescriptive period for worker's compensation actions. LSA-C.C. art 3462 provides that prescription is interrupted by filing suit in a court of competent jurisdiction. R.S. 23:1209 and Article 3462 can be read together by interpreting R.S. 23:1209 as providing an additional method of tolling the running of prescription, that is, by filing a claim with the Office of Worker's Compensation. Filing a claim with the Office does not "interrupt" prescription in the traditional sense as it does not have the effect of starting the one-year period anew. In combination with R.S. 23:1311 it has the effect of extending the period for filing suit for 60 days after receipt of the director's recommendation (or in some cases *214 receipt of notice of rejection of the director's recommendation) where that time period extends beyond the one-year period from the date of the accident or date of last payment of benefits. See Nichols v. Mid-American Van Line, 522 So.2d 1341 (La. App. 2d Cir.1988), writ denied 525 So.2d 1059 (La.1988). The statute does not purport, however, to abrogate the long-standing general law of the Civil Code that the filing of suit interrupts prescription of an action. Failure to file a claim for informal, extrajudicial resolution of plaintiff's claim renders a suit for benefits premature, but it does not extinguish the action or the employer's obligation. The objection of prematurity may be waived and the action, timely filed within the one-year prescriptive period, can proceed. Turner v. Maryland Casualty, Co., 518 So.2d 1011 (La.1988).
Thus, we hold that filing suit against Winnfield Veneer Company within the one-year prescriptive period interrupted prescription as to plaintiff's action against Winnfield, alleged to be plaintiff's statutory employer, and against Aetna, alleged to be solidarily liable with Winnfield as the compensation insurer of plaintiff's actual employer, Browning Wood Haulers, assuming that plaintiff's allegations are factually correct. See LSA-C.C. art. 3503. The trial court erred in granting defendants' motions for summary judgment.
The summary judgments in favor of defendants dismissing plaintiff's suit as prescribed are reversed and set aside and the motions for summary judgment are denied. Costs of the appeal are assessed to the defendants equally. The action is remanded to the district court for further proceedings.
REVERSED AND REMANDED.
NOTES
[1] Article 3462. Prescription is interrupted when the owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction and venue. If action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period.

Article 3463. An interruption of prescription resulting from the filing of a suit in a competent court and in the proper venue or from service of process within the prescriptive period continues as long as the suit is pending. Interruption is considered never to have occurred if the plaintiff abandons, voluntarily dismisses, or fails to prosecute the suit at trial.