560 So.2d 442 (1990)
Whitney JONES
v.
HARTFORD INSURANCE COMPANY and the Fairgrounds Corporation.
No. 89-C-2331.
Supreme Court of Louisiana.
April 30, 1990.
*443 David W. Oestreicher, II, for applicant.
James C. Cockfield, for respondent.
DENNIS, Justice.
The issue presented by this case is whether, under the 1983 Worker's Compensation Act, a worker may interrupt prescription of his claim by the commencement of a judicial action for benefits, as well as by the filing of a claim with the office of worker's compensation administration. The district court ruled that the plaintiff's claim had prescribed, even though he had filed a lawsuit within one year of his accident, because he failed to file a timely claim with the administrative agency. The court of appeal affirmed, holding that under the 1983 Worker's Compensation Act a worker may interrupt prescription of his claim only by filing an administrative claim. We reverse. The 1983 Worker's Compensation Act provides that a worker's claim for benefits is barred if he does not file a formal claim with the office of worker's compensation administration within one year of his accident. However, the Act does not bar or defeat a district court's jurisdiction of a worker's action commenced within one year of his accident. Instead, the Act merely provides that such an action shall be premature unless it is alleged in the petition that the claim for compensation has been previously submitted to the office of worker's compensation administration. Moreover, the purpose of the Act does not conflict or interfere with a district court's jurisdiction of a worker's compensation matter; rather, the Act merely establishes an informal dispute resolution procedure, in the nature of mediation or non-binding arbitration, as a preliminary to court action. Consequently, we conclude that the 1983 Worker's Compensation Act did not purport to prevent a worker from interrupting prescription of his worker's compensation claim by filing a timely action in a court of competent jurisdiction and venue as well as by filing a timely claim with the office of worker's compensation administration.

FACTS
Whitney Jones, a 76 year-old cook, filed suit for worker's compensation benefits against his employer, The Fairgrounds Corporation, on April 17, 1986. He alleged, after amendment of his pleadings, that he had hurt his back while lifting a pot in the scope and course of his employment on December 26, 1985. Jones' petition was dismissed without prejudice by the district court on January 14, 1987. Jones' suit was premature, the district court ruled, because he had failed to file a claim with the office of worker's compensation administration prior to its commencement.
Whitney Jones filed a second lawsuit for compensation benefits on January 8, 1988. He alleged, after an amendment of his pleadings, the same facts as he had in the first suit plus the fact that he had filed a claim with the office of worker's compensation administration on March 20, 1987. His second suit was dismissed with prejudice by the district court on the ground that his worker's compensation claim had prescribed because he failed to file a claim with the office of worker's compensation administration within one year of his accident.
Whitney Jones appealed. The dismissal of Jones' second suit with prejudice was affirmed by the court of appeal. Jones v. Fairgrounds Corp., 548 So.2d 98 (La.App. 4th Cir.1989). The appeals court held that a premature action for worker's compensation benefits under the 1983 Worker's Compensation Act, even when commenced within one year of the worker's work-related accident in a court of competent jurisdiction and venue, does not interrupt prescription of the compensation claim. 548 So.2d *444 98, 101. We granted certiorari to review the decision because it appeared to be in conflict with La. Civil Code articles 3462, 3463, and 3466; La.Code of Civil Procedure Articles 923, 926, 928; and other court of appeal decisions such as Lemelle v. Martco Partnership, 544 So.2d 133 (La.App.3d Cir. 1989) and Browning v. Winnfield Veneer Co., 554 So.2d 210 (La.App.2d Cir.1989). Jones v. Fairgrounds Corp., 552 So.2d 373 (La.1989).
The general principles of law governing the interruption of prescription by the filing of suit or by service of process are set forth in the Civil Code. Article 3462 provides that prescription is interrupted when "the obligee commences action against the obligor, in a court of competent jurisdiction and venue [, and i]f action is commenced in an incompetent court, or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." Article 3463 provides that such an interruption of prescription "continues as long as the suit is pending." If prescription is interrupted, "the time that has run is not counted [, and] [p]rescription commences to run anew from the last day of interruption." La.C.C. art. 3466. According to judicial interpretation of these principles, if such an interruption results and the action is dismissed without prejudice, the period during which the action was pending does not count toward accrual of prescription. The plaintiff then has the full prescriptive period within which to bring a new action. La.C.C. art. 3463 comment (b) and authorities cited therein.
Under La.C.C. articles 3462, 3463 and 3466 and the foregoing principles, plaintiff's action has not prescribed. He commenced his initial action against his obligor in a court of competent jurisdiction and venue before the accrual of prescription. After his initial action was dismissed without prejudice, he filed, before the new prescriptive period had run, both a claim with the office of worker's compensation administration and a second action against the obligor in a court of competent jurisdiction and venue.
In our opinion it was not the legislative aim of Act 1 of the 1983 Extraordinary Session to limit the constitutionally established original jurisdiction of a district court of a worker's compensation action or to alter the Civil Code articles governing the interruption of prescription by the commencement of an action in a court of competent jurisdiction and venue. We set forth many of the reasons for this conclusion in Turner v. Maryland Cas. Co., 518 So.2d 1011 (La.1988), but some of them bear repeating in the present context.
Act 1 of the 1983 Extraordinary Session created the office of worker's compensation administration and established administrative procedures for the informal resolution of claims. Under the procedures, an employee, his dependent, the employer, or the insurer may file a claim regarding worker's compensation with the director when a dispute arises over compensation in connection with a worker's injury resulting in excess of seven days lost time or death. La.R.S. 23:1310. Within thirty days after receipt of the claim, the director shall issue a recommendation for resolution of the dispute to the parties. La.R.S. 23:1310.1. The recommendation is advisory only and, although admissible into evidence, shall not be accorded any presumption of correctness. Id.
If any party rejects the recommendation of the director, the employee or his dependent may file a civil action in court on the claim within sixty days of the receipt of the recommendation or within the period established in La.R.S. 23:1209, whichever occurs last. La.R.S. 23:1311(A). A suit for compensation is premature if the claim has not been submitted to the director for informal resolution. La.R.S. 23:1314(A). The objection of prematurity may be raised by a dilatory exception which merely retards the progress of the action but does not tend to defeat the action. La.C.C.P. arts. 923, 926. This objection is waived by the defendant if the dilatory exception of prematurity is not timely filed. La.C.C.P. arts. 923, 926, 928. Turner v. Maryland Cas. Co., 518 So.2d 1011, 1014-15, 1017 (La.1988); cf. Disotell *445 v. Wadsworth Golf Construction, 500 So.2d 371, 373 (La.1987) (Cole, J., concurring); Moody v. K & B Equipment Co., 508 So.2d 927, 928 (La.App. 4th Cir.1987); Brignac v. Liberty Mutual Insurance Co., 496 So.2d 1306, 1308 (La.App.3d Cir.1986); Rich v. Geosource Wireline Services, Inc., 490 So.2d 1165, 1172 (La.App.3d Cir.1986) (failure to obtain recommendation prior to bringing action to modify); Watson v. Amite Milling Co., Inc., 504 So.2d 1149, 1153 (La.App. 5th Cir.1987) (filing before 1331(C) period had elapsed); Dupre v. Travelers Insurance Co., 477 So.2d 1279, 1282 (La. App.3d Cir.1985) (failure to follow pleading requirements of 23:1314).
Furthermore, as we observed in Turner v. Maryland Casualty Co., supra 518 So.2d at 1016, the statute does not intend that the director shall act in a judicial capacity to resolve disputed issues of facts properly before it which the parties have had an adequate opportunity to litigate. The statute does not provide in this informal dispute resolution stage for a party's right to present evidence and legal argument or a fair opportunity to rebut evidence and argument by opposing parties. Further, the statute empowers the director to act only in an advisory capacity within a very short period of time based on a minimum of evidence. Accordingly, the Act envisions that the director will act not as a judge but as a mediator or a non-binding arbitrator. Id.; Johnson, Bound in Shallows and Miseries: The 1983 Amendments to the Workers' Compensation Statute, 44 La.L.Rev. 669, 691 (1984).
For all of these reasons, we conclude that the legislature by Act 1 of the Extraordinary Session of 1983 did not intend to limit or defeat the original jurisdiction of a district court over a worker's compensation case or to alter in any respect the effects of judicial action upon such a cause. Instead, we believe the legislative aim was merely to establish an extra-judicial informal dispute resolution procedure to be employed preliminarily to litigation. Although the commencement of an action without compliance with this procedure makes the suit vulnerable to an objection of prematurity, it does not defeat the action or the jurisdiction of the court. Therefore, in the event the defendant waives this objection, it is possible for a worker's compensation plaintiff to file and prosecute his action uninterruptedly to final judgment despite his failure to file a claim with the office of worker's compensation.
We agree with the Second and Third Circuit Courts of Appeal which have held that a suit filed within one year of the worker's accident interrupts prescription on the compensation claim although it is subject to an exception of prematurity because plaintiff did not file initially with the office of worker's compensation administration. Browning v. Winnfield Veneer Co., 554 So.2d 210 (La.App.2d Cir.1989); Lemelle v. Martco Partnership, 544 So.2d 133 (La.App.3d Cir.1989). Moreover, we concur with the cogent reasoning of the Browning opinion in which the court of appeal observed:
LSA-R.S. 23:1209 establishes a one year prescriptive period for worker's compensation actions. LSA-C.C. art. 3462 provides that prescription is interrupted by filing suit in a court of competent jurisdiction. R.S. 23:1209 and Article 3462 can be read together by interpreting R.S. 23:1209 as providing an additional method of tolling the running of prescription, that is, by filing a claim with the Office of Worker's Compensation. Filing a claim with the Office does not "interrupt" prescription in the traditional sense as it does not have the effect of starting the one-year period anew. In combination with R.S. 23:1311 it has the effect of extending the period for filing suit for 60 days after receipt of the director's recommendation (or in some cases receipt of notice of rejection of the director's recommendation) where that time period extends beyond the one-year period from the date of the accident or date of last payment of benefits. See Nichols v. Mid-American Van Line, 522 So.2d 1341 (La.App.2d Cir.1988), writ denied 525 So.2d 1059 (La.1988). The statute does not purport, however, to abrogate the long-standing general law of the Civil *446 Code that the filing of suit interrupts prescription of an action. Failure to file a claim for informal, extrajudicial resolution of plaintiff's claim renders a suit for benefits premature, but it does not extinguish the action or the employer's obligation. The objection of prematurity may be waived and the action, timely filed within the one year prescriptive period, can proceed. Turner v. Maryland Casualty Co., 518 So.2d 1011 (La.1988).
554 So.2d at 213-214.
In this respect, the informal dispute resolution mechanism of the 1983 Worker's Compensation Act is similar to the medical review panel system that has been established to promote extra-judicial resolution of certain classes of medical malpractice claims. Analogously, our courts of appeal have held that a malpractice action commenced without prior submission to such a panel does not prevent the filing of suit in district court from interrupting prescription, Dufrene v. Duncan, 371 So.2d 1215 (La.App. 4th Cir.1979); that a health care provider who fails to file an exception of prematurity in a suit brought in district court waived his right to review of the claim before the medical review panel, Barraza v. Scheppegrell, 525 So.2d 1187 (La. App. 5th Cir.1988); that a malpractice claim may be brought in district court without filing with the medical review panel if the health care provider fails to contest it through an exception of prematurity, Cracco v. Barras, 517 So.2d 1256 (4th Cir.1987), writ granted 519 So.2d 136 (La.1988), reversed on other grounds, 520 So.2d 371 (La.1988), rehearing denied 521 So.2d 1159 (La.1988); that a health care provider's exceptions of lack of subject matter jurisdiction and improper venue were properly denied even though the claim was not filed before the medical review panel before suit was filed in district court, Vincent v. Romagosa, 390 So.2d 270 (La.App.3d Cir. 1980), writ refused 396 So.2d 901 (La.1981); and that the filing of suit in district court interrupted prescription, even though the suit was dismissed on an exception of prematurity due to an arbitration agreement entered into by the parties, Garrity v. Cazayoux, 430 So.2d 1138 (La.App. 1st Cir. 1983).
For the reasons assigned, the judgments of the court of appeal and the district court are reversed, the exception of prescription is overruled, and the case is remanded to the district court for further proceedings.
REVERSED AND REMANDED TO DISTRICT COURT.