YELVERTON, Judge.
This is an appeal of the trial court’s grant of a summary judgment in favor of a worker’s compensation claimant, Willie Webb, enforcing a tacitly accepted (unre-jected) recommendation of the Office of Worker’s Compensation Administration (OWCA). Willie Webb brought the action against his employer, John Blaylock, d/b/a Professional Installation, and the Louisiana Insurance Guaranty Association (LIGA). LIGA assumed the defense of Professional Installation after its insurer, Anglo-American Insurance Company, was liquidated by court order. LIGA defended against the motion for summary judgment with the argument that there was never a valid acceptance of OWCA’s recommendation, because the insurer, Anglo-American, was not accorded its automatic 60-day stay of proceedings, by virtue of La.R.S. 22:1392, given insolvent insurers. The trial court ruled that the OWCA’s administrative activities were not affected by the statutory stay. We agree and affirm.
On October 17, 1988, Webb was injured on the job. On April 7, 1989, he submitted his claim to the OWCA, using the form required and giving his employer’s name and address. The OWCA on May 9, 1989, issued a recommendation that Webb receive benefits. Notice of this recommendation was sent to Webb and Professional Installation, and they each received notice on May 13, 1989.
Thereafter, receiving no rejection of its recommendations, and 30 days having passed, the OWCA issued a certificate of non-rejection on June 15,1989. The parties were therefore conclusively presumed to have accepted the office’s recommendation under La.R.S. 23:1310.1.
Professional Installation did not pay as recommended. Webb filed suit in the district court. He then moved for summary judgment to enforce the recommendation on November 30, 1989. The motion was based upon the OWCA certificate of acceptance, and LIGA’s failure to pay benefits. LIGA filed an opposition. The motion was set for hearing on January 8, 1990, and granted on that date.
LIGA’s opposition to the motion for summary judgment was based upon La.R.S. 22:1392. This statute, which is part of the *645 Insurance Guaranty Association Law, mandates a stay of proceedings starting from the date the insolvency is determined, as to any insolvent insurer, to permit proper defense by the association. At the time this case happened the stay was for 60 days. In the present case, the employer’s insurer, Anglo-American Insurance Company, was declared insolvent by an order of the Nineteenth Judicial District Court on March 20, 1989. It was 18 days later, on April 7, that Webb filed his claim with the OWCA, and 49 days later, on May 9, 1989, that OWCA issued its recommendation that Professional Installation pay benefits. Relying on the fact that both these events occurred during the 60 days following the date Anglo-American’s insolvency was determined, LIGA argued that the filing of Webb’s claim and the actions taken by OWCA were improper and in violation of the stay of proceedings.
The trial judge rejected this argument. The trial judge wrote:
Despite filing of his claim for workman’s compensation benefits on April 10, 1989, and receiving a favorable recommendation on May 9, 1989, plaintiff has still not received any benefits. The intent of R.S. 22:1392 to give Louisiana Insurance Guaranty Association an adequate opportunity to review claims against the failed insurance company and enter a timely defense if indicated would be severely abused if permitted to further delay a claim for workman’s compensation benefits under the facts of this case.
Louisiana Insurance Guaranty Association not only had the 60 day stay period to review plaintiff’s claim against Anglo-American, but also had an additional 25 days to file its rejection. Not having availed itself of its opportunity to timely object to the recommendation of the O.W.C., Louisiana Insurance Guaranty Association must, under law, be bound by the legal effect of the Certificate of Presumed Acceptance.
On this appeal, LIGA’s contention continues to be that the filing and processing of Webb’s claim were in violation of the stay provided in La.R.S. 22:1392, and that this prevented LIGA’s defense. We agree with the result reached by the trial court.
The issue before us is whether La.R.S. 22:1392 applied to OWCA’s administration of claims under the law as it stood at the time of this case. The statute in 1989 provided:
All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for sixty days from the date the insolvency is determined to permit proper defense by the association of all pending causes of action. As to any covered claims arising from a judgment under any decision, verdict or finding based on the default of the insolvent insurer or its failure to defend an insured, the association either on its own behalf or on behalf of such insured may apply to have such judgment, order, decision, verdict or finding set aside by the same court or administrator that made such judgment, order, decision, verdict or finding and shall be permitted to defend against such claim on the merits.
The law in effect at the time of this accident regarding the processing of claims by OWCA provided that:
§ 1310.1. Processing of claims by office
A. Upon receipt, every claim for benefits filed under this Chapter shall be evaluated by the office. Within thirty days after the receipt of the claim, the office shall issue its recommendation for resolution and provide the parties with a copy of the recommendation by certified mail, return receipt requested. Such recommendation shall be advisory only and shall not be admissible into evidence in any subsequent legal proceeding. Within thirty days of receipt of the recommendation of the office, each party shall notify the office on a form to be provided by the director of the acceptance or rejection of the recommendation. A party failing to so notify the office shall be conclusively presumed to have accepted the recommendation of the office. Should any party notify the office that it *646 rejects the recommendation, the office shall issue to each party a certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected. Such certificate shall not set forth either the recommendation of the office or the name of the rejecting party or parties.
B. As used in this Subpart, “parties” means the employee or his dependent and the employer or his insurer. Subsection (C) of R.S. 23:1311 then read:
C. The petition shall have attached to it a copy of the office’s certificate that the claim was submitted to the office, that the parties attempted to informally resolve the claim, but that the office’s recommendation was rejected.
In 1989 the Worker’s Compensation Act merely established an informal dispute resolution procedure, in the nature of mediation or non-binding arbitration, as a preliminary to court action. Jones v. Hartford Ins. Co., 560 So.2d 442 (La.1990). “[T]he statute does not intend that the director shall act in a judicial capacity to resolve disputed issues of facts properly before it which the parties have had an adequate opportunity to litigate.” Id., at p. 445. “Accordingly, the Act envisions that the director will act not as a judge but as a mediator or a non-binding arbitrator.” Id., at p. 445.
We do not interpret the stay of proceedings statute, La.R.S. 22:1392, as having application to the informal dispute resolution procedure of the Worker’s Compensation Act in 1989. The words of a law must be given their generally prevailing meaning. La.C.C. art. 11. Words of art and technical terms must be given their technical meaning when the law involves a technical matter. Id. The law under consideration here, La.R.S. 22:1392, contains two sentences. The first makes it clear that the stay applies only to lawsuits in progress. “All proceedings ... in any court in this state shall be stayed ... to permit proper defense ... of all pending causes of action,” is language that can pertain only to pending litigation. The second sentence, though cumbersomely written, is clear enough: it authorizes the setting aside of judicial action adverse to LIGA taken during the period of the stay. Since the OWCA director in 1989 was not acting as a judge but as a non-binding arbitrator, and the language of the second sentence of La.R.S. 22:1392 is clearly aimed at a judgment or order based upon a decision, verdict or finding resolving disputed issues of fact, carrying the effect of an adjudication, the provision was not applicable to O.W.C.A.’s recommendation issued on May 9, 1989.
Moreover, La.R.S. 23:1310.1, quoted supra, required that OWCA issue its recommendation to the “parties” within 30 days. The word “parties” is defined in Section 1310.1(B) as “the employee or his dependent and the employer or his insurer.” Thus, there was no requirement that the insurer be notified if the insured was given notice. LIGA does not complain about its lack of notice of the recommendation.
LIGA on this appeal has raised two other minor issues, each addressing alleged deficiencies in Webb’s pleadings, which we have considered. Neither issue has merit.
We find one error in the judgment which was not raised by LIGA. However, this court is empowered to render any judgment which is just, legal, and proper upon the record on appeal. La.C.C.P. 2164. That error was the assessment against LIGA of 12% penalties on payments due from October 17, 1988, the date of the injury. OWCA’s recommendation in this case was that only the employer be assessed penalties. OWCA had this authority under La.R.S. 23:1201 E. The motion for summary judgment was to enforce OWCA’s recommendation. Since that recommendation did not include an assessment of penalties against the insurer, there was no basis for the trial court in this case to render a judgment for penalties against LIGA. See also, Gauthier v. Champion, 583 So.2d 556 (La.App. 3rd Cir.1991).
For these reasons we amend the judgment to delete the award of a 12% penalty against LIGA. In all other respects the *647 judgment of the trial court is affirmed, at appellant’s costs.
AMENDED, AND AS AMENDED, AFFIRMED.